## A. M. BETZ v. THE WILLIAMS & WHITE LAND AND LOAN COMPANY.

1. LAND AGENT — *Facts, Stated* — *Entitled to Commission.* A land agent or broker, who has made arrangements with the land-owner that if he finds a purchaser to take the land at a specified sum he is to have a stated commission, becomes entitled to his commission for selling the land if he procures for his principal a party with whom he is satisfied, who enters into a written contract with such principal to buy the real estate at the specified price, and is financially able to perform the conditions of the contract, although the principal, having the option by the contract to declare a forfeiture thereof if the installments are not paid in accordance with its terms, declares the contract forfeited on account of the non-payment of an installment, when it becomes due.

2. CASE, *Commented Upon.* The case of *Stewart v. Fowler,* 37 Kas. 677, referred to, and commented upon.

*Error from Harvey District Court.*

THE opinion states the facts.

*Bowman & Bucher,* for plaintiff in error.
*Clarence Skinner,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The Williams & White Land and Loan Company brought its action against Mrs. A. M. Betz to recover a commission of $195, alleged to be due it from her for services rendered in the sale of certain real estate belonging to her. At the September term, 1888, the trial was had before the court with a jury, and resulted in a verdict for Mrs. Betz. The land and loan company filed its motion for a new trial, which was granted. Mrs. Betz excepted, and brings the case here.

The motion for a new trial alleged misconduct of the jury; that the verdict and judgment were not sustained by sufficient evidence, were contrary to the facts, and also contrary to the law. The court, in sustaining the motion for a new trial, did

not announce any reason for so doing. It is therefore impossible to say, upon the record presented, that "the trial court passed upon some pure, simple and unmixed question of law." This court has decided time and again that "the granting of a new trial is largely in the discretion of the trial court; and where a new trial is given, and the record does not show upon what grounds the court granted such new trial, but the record does show errors upon which the trial court might have granted a new trial, the order granting such trial will not be disturbed." (*Barney v. Dudley*, 40 Kas. 247; *Howell v. Pugh*, 25 id. 96; *City of Sedan v. Church*, 9 id. 190.)

As a new trial is to be had, the question of law discussed in the briefs will be referred to. The contention is, that as the contract which Mrs. Betz entered into with T. C. Brewer and F. D. Tripp, the purchasers or parties agreeing to purchase, was not a contract of sale, but simply a contract to sell, therefore the land and loan company did not earn its commission. *Stewart v. Fowler*, 37 Kas. 677, is claimed to be decisive against the right to recover any commission. In that case it was said: "Where a contract for a commission for the sale of land provides that the land must be sold to a person ready, willing and able to buy, it is not enough that there has been a contract to sell made. There must have been a sale before the commission is earned." But this was further qualified by the facts disclosed in the case, that the purchaser was unwilling to buy according to the terms of the contract, and also his ability to pay the purchase-price was not affirmatively shown. It was said in that case, that the burden of proving the purchaser's ability to pay was upon the plaintiff to establish, and therefore that the instructions prayed for in that case, to the effect that the purchaser was ready, willing and able to perform the conditions of the sale before the commission was earned, should have been given. The facts stated in the opinion must be considered in connection with the law declared in the syllabus.

In this case, the trial court charged the jury, among other things, as follows:

"2. It is admitted that the defendant had the tract of land

in question for sale, and employed the plaintiff as agent to assist in effecting such sale; and that it was agreed between the parties that the rate of commission, in case a commission was earned, should be 5 per cent. on the first thousand dollars of the purchase-money, and $2\frac{1}{2}$ per cent. on the balance. It is further admitted that the language used by the parties in making their agreement was, that if plaintiff found a purchaser, he was to sell the land for $85 per acre, making $6,800, and was to receive therefor the above-named commission.

"3. It is further admitted that the plaintiff found and offered, as purchasers of the land, one Tripp and one Brewer, and that the defendant and her husband on the one part, and said Tripp and Brewer on the other part, entered into a written agreement, which has been read in evidence, and whereby said defendant and her husband agreed to sell said land for the said sum of $6,800 to said second parties, and said second parties agreed to purchase said land and pay therefor the said sum, divided in payments as specified in the contract; and it was further agreed, that in case the second parties fail to make any payment as specified, the defendant could declare said contract determined and forfeited, and should have the right to retain any purchase-money already paid.

"4. And it is further admitted that the second parties, Tripp and Brewer, failed to make the second payment, in amount $900, as required by the terms of the contract, and thereafter the defendant declared and treated said contract as determined, and all the rights of the second parties thereunder as forfeited.

"5. The jury are instructed that the contract above described is not in its terms a contract of sale, or a contract by which a sale was effected, but is simply a contract to sell upon certain named conditions. By its terms Tripp and Brewer bound themselves to buy the land and pay the purchase-money, and the defendant had the right in law to hold them to the terms of the contract. Upon the default of Tripp and Brewer, she had the option to sue for the enforcement of the contract, or declare it at an end so far as they were concerned.

"6. But as to the rights of the plaintiff in this transaction, the court instructs the jury that if Tripp and Brewer, who were put in communication with the defendant by the plaintiff, or either of them, at the time the contract was made, were not only willing to purchase the land in question, but solvent and able to pay for said land according to the terms fixed by the defendant, in that case the plaintiff, by what he did, earned

the commission agreed upon, and has the right to recover such commission, notwithstanding the fact that said Tripp and Brewer failed to make the second payment as agreed.

"7. The jury are instructed, that Tripp and Brewer having failed in punctuality in making payment, it is not to be presumed that they were solvent and able to pay, but the burden of showing this fact by the greater weight of the evidence is upon the plaintiff."

These instructions properly presented the law to the jury. There was evidence offered upon the trial tending to show that Tripp and Brewer, or at least Brewer, was worth $9,700 above all of his indebtedness and exemptions, and therefore was able to buy. It is true that when pay-day came it does not appear that he was ready and willing to make his payments according to the written contract of sale, but Mrs. Betz could have enforced the payments specified in the written contract, and as the contract gave her the sole option to forfeit it in case of failure of payment according to its terms, she need not have declared a forfeiture unless she preferred so to do. Tripp and Brewer could not, by the terms of the contract, declare any forfeiture. They had no option in the matter. Therefore, if the evidence concerning the ability of Brewer to buy is to be believed, the land and loan company earned its commission and is entitled to recover. (*Keys v. Johnson,* 68 Pa. St. 42; *Stewart v. Fowler,* supra; *Glentworth v. Luther,* 21 Barb. 14; *Buckingham v. Harris,* Colo., 15 Pac. Rep. 819; *Goss v. Brown,* Minn., 18 N. W. Rep. 290; *Willes v. Smith,* Wis., 45 id. 666.)

We gather from the briefs that the trial court set the verdict aside because the jury did not follow its instructions, or because, without any good reason therefor, they arbitrarily disregarded the evidence concerning the ability of Brewer to buy.

The order of the district court granting a new trial will be affirmed.

All the Justices concurring.