James M. Helling *et al.* v. B. F. Darby.

No. 13,983. (79 Pac. 1073.)

SYLLABUS BY THE COURT.

Agency—*Real Estate—Commission.* An owner of 160 acres of land was solicited by a firm of real-estate agents to place it in their hands for sale. He wrote to them as follows: "I received your letter to-day. I must have $1600 (sixteen hundred dollars) in cash. You can have all you get over and above that, and I reserve the crop." The brokers found a purchaser for the land, but did not notify the owner until after he had sold it to another person. *Held,* that the real-estate agents were not entitled to a commission for making the sale.

Error from Pratt district court; Preston B. Gillett, judge. Opinion filed March 11, 1905. Affirmed.

*Charles H. Apt,* for plaintiffs in error.

*Wiliam Barrett,* and *R. F. Crick,* for defendant in error.

The opinion of the court was delivered by

William R. Smith, J.: Helling & Shackelford were real-estate agents in the town of Coats. Defendant in error was the owner of 160 acres of land in Pratt county. He received his mail at the town of Preston, about twenty miles from Coats.

A few days before June 23, 1903, plaintiffs below, Helling & Shackelford, wrote to Darby asking the price of his land and inquiring whether they could sell it for him. On the date mentioned Darby answered by letter, as follows:

"I received your letter to-day. I must have $1600 (sixteen hundred dollars) in cash. You can have all you get over and above that, and I reserve the crop."

The brokers listed the land, and about August 11, 1903, found one Moddrell, a purchaser who was able and willing to buy it for $1800. The next day he

paid the agents $500, and agreed to pay the balance of the purchase-price on receipt of a deed from the owner. Moddrell directed that the conveyance be made to his wife. On August 13 plaintiffs below wrote and mailed a letter to defendant in error, addressed to him at Preston, as follows:

"THE COATS STATE BANK,
COATS, KAN., August 13, 1903.

"I sold your quarter of land west of town to-day for $1600, and hand herewith a deed to sign and have acknowledged.

"Send the deed together with the abstract, brought down to date, to this bank, and we will promptly remit you the above-stated amount. Mrs. Annie Moddrell has deposited the amount here, subject to your deed.    Yours truly,    J. M. HELLING, JR."

Darby did not receive this letter until August 19. Before that (on August 17) he made a contract with one Schepel to sell the land, and received $100 on the price. The purchaser went into possession at once, and later paid the balance of the purchase-money.

This action was brought by the real-estate agents against Darby to recover a commission for making a sale of the land. A trial before the court resulted in a judgment favorable to defendant.

The letter written by Darby to plaintiffs did not give to the latter an exclusive right to sell the land, nor did it authorize them to enter into a contract of sale in Darby's name which would be binding on him. They were empowered to find a purchaser only. (*Gross v. Shaffer*, 29 Kan. 442; *McFarland v. Lillard*, 2 Ind. App. 160, 28 N. E. 229, 50 Am. St. Rep. 234; *Gilbert v. Baxter et al.*, 71 Iowa, 327, 32 N. W. 364; *Treat v. De Celis*, 41 Cal. 202; *Goss v. Broom*, 31 Minn. 484, 18 N. W. 290; *Duffy v. Hobson*, 40 Cal. 240, 6 Am. Rep. 617; *Sullivant v. Jahren, post*, p. 127, 79 Pac. 1071.)

In view of the limited authority of plaintiffs, which did not extend beyond finding a buyer for the land, it

Aultman v. Knoll.

was a prerequisite to the recovery of a commission by them that the seller and buyer be brought together through their efforts. Darby, when he sold the land, being without knowledge that his agents had procured a purchaser, was not liable to them for a commission. If a sale had been made by the owner after receiving notice that his agents had procured a buyer ready and willing to accept his terms a different question would be presented. (*Sandefur v. Hines*, 69 Kan. 168, 76 Pac. 444.)

In the present case the real-estate agents did not bring the buyer and seller together. They did not put the parties in communication with each other. (*Baars v. Hyland*, 65 Minn. 150, 67 N. W. 1148; *Darrow v. Harlow*, 21 Wis. 302, 94 Am. Dec. 541; *Wylie v. Marine National Bank*, 61 N. Y. 415; *Sibbald v. The Bethlehem Iron Company*, 83 N. Y. 378, 38 Am. Rep. 441.)

The judgment of the court below is affirmed.

All the Justices concurring.