Morrill Township v. Fletchall.

---

MORRILL TOWNSHIP V. CHARLES E. FLETCHALL *et ux.*

No. 14,595.   (85 Pac. 753.)

1. DAMAGES—*Death of a Child—Defective Highway.*   A judg-
   ment awarding damages to parents for the death of a child
   caused by a defective highway affirmed.

2. COSTS—*Claim Not Presented to Township Board.*   It was
   said that the plaintiffs were entitled to their costs although
   they had not presented their claim to the township board be-
   fore beginning the action.

Error from Brown district court;   WILLIAM I.
STUART, judge.   Opinion filed May 12, 1906.   Affirmed.

*James Falloon,* for plaintiff in error.

*Sample F. Newlon,* for defendants in error.

Morrill Township v. Fletchall.

*Per Curiam:* The plaintiffs' children, one ten and the other five years of age, were sent by their parents to a neighboring town in a one-horse conveyance. While the older son was driving along the public highway the vehicle was turned over into a ditch, the younger child falling under it, in consequence of which he died. The parents recovered judgment in this action for damages against the township for the loss of their child on the grounds of negligence on the part of its officers in permitting the highway, at the place where the child was killed, to remain in such condition as to be dangerous to public travel.

An examination of the errors assigned discloses nothing prejudicial to the township. The contention is made that the court should have taxed the costs to the plaintiffs because there is no evidence that the plaintiffs' claim was presented to the township board for allowance before the action was commenced. This cannot be sustained. Counsel cite no such statutory requirement, and we know of none. The statute which requires all claims against cities to be presented to the council for allowance or costs shall not be awarded in an action thereon does not apply to actions against townships. In the absence of such a statute the plaintiffs are entitled to their costs.

The judgment is affirmed.