### W. P. MORRIS V. L. G. FRANCIS.

No. 15,010   (89 Pac. 901.)

#### SYLLABUS BY THE COURT.

AGENCY—*Commission for the Sale of Real Estate.* A real-estate broker employed to find a purchaser of land at a fixed price is not entitled to a commission unless he procures a purchaser ready, willing and able to buy the land at the stipulated price, or one who at the end of negotiations with the owner does buy it at a lower price.

Error from Marion district court; OSCAR L. MOORE, judge. Opinion filed April 6, 1907. Affirmed.

*King & Wheeler,* for plaintiff in error.

*Dennis Madden,* and *S. Burkholder,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: W. P. Morris brought this action to recover from L. G. Francis $125 as a commission for finding a purchaser for the Francis farm. The selling price of the farm was fixed by agreement at $4200, but it was stipulated that in any event Francis should receive $4000 net for the farm. Shortly after the employment of Morris he brought the farm to the attention of W. H. Carpenter, who visited Francis and entered into negotiations with him for the purchase of the land. Carpenter made an offer of $3800 for the farm, and plaintiff claims that Francis accepted the offer and agreed to sell the land but afterward refused to complete the transaction and convey the title to the purchaser.

The principal controversy in the case was one of fact —whether Francis accepted the offer of Carpenter and agreed to sell the land to him. To entitle Morris to his commission he must have procured a purchaser ready, willing and able to buy the land at the stipulated price or at a price which the owner was willing to, and did, accept. If Morris brought a prospective purchaser into communication with Francis, and the negotiations between them resulted in a sale of the land at a price less than originally fixed upon, Morris could not be deprived of his commission. (*Ratts v. Shepherd,* 37 Kan. 20, 14 Pac. 496; *Dreisback v. Rollins,* 39 Kan. 268, 18 Pac. 187; *Lockwood v. Halsey,* 41 Kan. 166, 21 Pac. 98; *Betz v. Land Co.,* 46 Kan. 45, 26 Pac. 456; *Davis v. Lawrence,* 52 Kan. 383, 34 Pac. 1051; *Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444; *Marlatt v. Elliott,* 69 Kan. 477, 77 Pac. 104; *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116.) If, however, the lower price offered by the prospective purchaser was not accepted, and a sale was not consummated, no commission was earned. In

such a case the broker has not performed his agreement to find a purchaser until he produces one who in fact becomes a purchaser. If Francis did not agree to accept the offer of $3800 for the land, and did not actually make a sale to Carpenter, he never became liable to the broker for the commission.

It is conceded that the offer of Carpenter was less than the price fixed in the contract of employment, and Francis offered testimony to the effect that he never accepted the offer that was made and never effected a sale of the land. This testimony, which the court evidently accepted as true, is a sufficient basis for a general finding in favor of the defendant.

The remarks of the trial court in connection with the rendition of its judgment, even if inconsistent therewith, cannot be treated as special findings; but the language used indicates clearly enough that the court based its decision on findings of fact that the proposed purchaser was unwilling to pay the stipulated price and that there was no agreement to sell to him at a lower price.

The judgment is affirmed.