W. D. BEOUGHER, *Appellant*, v. ORA CLARK, *Appellee.*

No. 16,047.

SYLLABUS BY THE COURT.

1. AGENT'S COMMISSION—*Procuring a Customer.* Where the owner of land lists it with a broker under an agreement to pay a commission provided the latter finds a buyer at a given price, the broker is entitled to his commission when he has produced a purchaser able and willing to take the property at the terms named, and is not required to procure from the purchaser a binding contract.

2. ——— *Independent Brokers — Procuring Cause of Sale.* Where property is placed in the hands of several brokers for sale, the owner is bound to pay the broker who is the primary, proximate and procuring cause of the sale, although the sale is consummated by another broker on different terms. (*Votaw v. McKeever,* 76 Kan. 870.)

3. ——— *Negotiations Opened by One Broker—Sale Closed by Another.* In such a case, where a prospective purchaser has been introduced to the owner by one broker and the negotiations are pending and have not fallen through, the owner can not, with knowledge of the facts, complete the purchase with another agent and avoid his liability for the commission due to the first broker.

Appeal from Thomas district court; CHARLES W. SMITH, judge. Opinion filed December 11, 1909. Reversed.

*John B. Ennis,* for the appellant.

*Arch L. Taylor,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff is a real-estate broker at Oakley, and sued to recover a commission, alleging that the defendant was the owner of a farm which he listed with the plaintiff under an oral agreement that if the plaintiff found a buyer at the price of $20 per acre, aggregating the sum of $6400, the plaintiff should receive for his services the sum of $400. It was alleged that the plaintiff showed the land to a prospective buyer and introduced him to the defendant; that they conferred together with respect to the terms; that the buyer was ready and willing to buy in case he concluded to make a purchase, but wanted to look around further, and agreed with the plaintiff to return in case he should find nothing that suited him better; that thereafter he returned, entered into negotiations with the defendant, and purchased the property for the sum of $6400; and that the defendant refused to pay the plaintiff's commission. It appears that when the prospective buyer returned to Oakley he fell into the hands of another real-estate agent, with whom the farm was also listed, and this agent took him to the defendant, where the sale was completed at the price named but upon somewhat different terms of payment.

The case was tried to the court, and special findings of fact and conclusions of law were made. The facts found do not differ materially from what the plaintiff claimed. As conclusions of law the court found as follows:

"In this case the only thing that Mr. Beougher did was to bring the parties together. He has not said that he had anything to do with the closing of the contract between Mr. Clark and Mr. Siple. To have earned his commission it was necessary for Mr. Beougher to have gotten some binding contract from Mr. Siple to pur-

chase the land, before the other agent did, and that he did not do. Therefore I think the law in this case is that the commission belongs to the one who actually made the sale, not to the one who may have brought the parties together."

The sole question to be determined is whether the court erred in its conclusions of law. The court arrived at the conclusion that the plaintiff could not recover because, in order to earn his commission, it was necessary for him to procure a binding contract from the purchaser to take the land before the other agent did. . This is not the law. The plaintiff would be entitled to his commission when he procured a purchaser able and willing to take the land at the terms agreed upon. It was not necessary that he procure a contract binding upon the purchaser. (*Betz v. Land Co.*, 46 Kan. 45; *Stewart v. Fowler*, 53 Kan. 537; *Marlatt v. Elliott*, 69 Kan. 477; *Burling v. Gunther*, 12 Daly [N. Y. Com. Pl.] 6; *Gelatt v. Ridge*, 117 Mo. 553; *Barnard v. Monnot*, 33 How. Pr. [N. Y.] 440.) In the latter case the judgment of the general term holding that the broker was not entitled to his commission until a binding agreement between the parties had been procured was reversed. To the same effect is *Dennis v. Charlick*, 13 N. Y. Supr. Ct. 21.

When the plaintiff produced a purchaser willing and able to accept the terms of the defendant he had earned his commission, and it is well settled that the refusal of the vendor to complete the bargain can not destroy his right to the commission. (*Neiderlander v. Starr*, 50 Kan. 766; *Stanton v. Barnes*, 72 Kan. 541; *Staley v. Hufford*, 73 Kan. 686.) The agent has no power to execute the contract, to pay the money, to convey the land or to compel the performance by either of the parties. So, if the broker finds a purchaser able and willing to take the property on the terms named, he is entitled to his commission, although the principal concludes the sale himself. (*McClave v. Paine*, 49

N. Y. 561; *Hinds v. Henry,* 36 N. J. L. 328; *Dolan v. Scanlan,* 57 Cal. 261; *Gelatt v. Ridge,* 117 Mo. 553.) These rules neither add to nor take from the general rule that the broker is entitled to his commission if he is the primary, proximate and procuring cause of the sale. (*Latshaw v. Moore,* 53 Kan. 234, 241; *Marlatt v. Elliott,* 69 Kan. 477; *Johnson v. Dysert,* 70 Kan. 730, 733; *Votaw v. McKeever,* 76 Kan. 870.)

A significant fact in this case is that the defendant knew the plaintiff had not abandoned negotiations. At least, there is no fact found and nothing shown in the evidence to indicate that he had a right to assume that the negotiations between the purchaser and the plaintiff had fallen through or been abandoned. Knowing this, he saw fit to complete the sale with another agent, and can no more avoid his liability for the commission due to the plaintiff than if he had completed the sale himself under the same circumstances. In *Jennings v. Trummer,* (Ore. 1908) 96 Pac. 874, a case where several independent brokers were employed, it was held that the broker entitled to the commission must produce a customer of his own and not one who then sustains that relation to another of the brokers; that where a broker is first in negotiation with the customer he will continue to sustain that relation until it is expressly broken off or the matter of the purchase has ceased to be held under consideration by the purchaser; and that the owner who, with knowledge of the facts, deals through one of the brokers with a customer procured by another broker is liable to the latter for the agreed commission.

Where the property is placed in the hands of several brokers for sale the owner is bound to pay the broker who in fact effects the sale, and can not exercise his option. (*Eggleston v. Austin,* 27 Kan. 245; *Votaw v. McKeever,* 76 Kan. 870; 19 Cyc. 260 and cases cited.) In *Wood v. Wells,* 103 Mich. 320, it was held that the

broker who procures a purchaser and brings the parties together is entitled to his commission although the sale is consummated by another broker upon different terms.

"Accordingly, if a broker employed to sell land produces a person whom he induces to buy, he is entitled to compensation, although the sale is formally effected by another broker." (19 Cyc. 260.)

To the same effect are: *Dowling v. Morrill,* 165 Mass. 491; *Winans v. Jaques,* 10 Daly [N. Y. Com. Pl.] 487; *Smith v. Truitt,* 107 Mo. App. 1; *Brennan v. Roach,* 47 Mo. App. 290; *Tinsley v. Scott,* 69 Ill. App. 352; *Day v. Porter,* 161 Ill. 235; 8 Cent. Dig., "Brokers," §§ 82, 86, 87, 89.

The principle underlying these decisions is that it would be bad faith toward the broker if the vendor could escape by making the sale himself or through another broker when he has notice that the negotiations with the agent who has first introduced the purchaser have not been broken off.

In the present case the negotiations instituted by the plaintiff were still pending, of which the defendant had notice. On the facts we have no difficulty in determining that the plaintiff was entitled to recover. It was because he had shown the land to the buyer on his first visit that the latter returned for the purpose of completing the purchase. It can not be said that the purchaser refused to take the land on his first visit and that the negotiations fell through; he went away with the expressed intention of returning unless he found something that suited him better. Shortly afterward he did return and completed the purchase, and it is fair to assume that if he had not been shown the land by the plaintiff on his first visit he would not have returned.

There are two errors in the conclusions of law upon which the judgment is based: First, that it was neces-

sary for the plaintiff to procure a binding contract of sale; second, that he could not recover because the sale was actually closed by another agent.

The judgment is reversed and the cause remanded, with directions to render judgment for the plaintiff.