W. D. GREEN, *Appellant*, v. I. FIST, *Appellee.*

No. 18,135.

SYLLABUS BY THE COURT.

LAND AGENT—*Purchaser Found—Agent Entitled to Commission.* Following *Betz v. Land Co.*, 46 Kan. 45, 26 Pac. 456, it is *held,* that when an agent for the sale or exchange of real estate finds a purchaser able and willing to take the land at the agreed terms or to enter into a contract which is satisfactory to the principal, he has earned his commission.

Appeal from Jackson district court. Opinion filed May 10, 1913. Reversed.

*John D. Myers,* of Kansas City, Mo., for the appellant.

*E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* all of Holton, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Green sued to recover commissions as agent for Fist in the sale and exchange of real and personal property. The jury found against the plaintiff, and he appeals from the judgment.

There were four causes of action, involving as many separate transactions. Upon a sharp conflict in the evidence the facts have been determined against the plaintiff, which would require an affirmance of the judgment, except for what is deemed material error in one of the instructions. In his second cause of action Green claimed a commission for procuring a contract by which real estate belonging to Fist was to be traded for property belonging to a. man named Krug. By the terms of the written contract Krug agreed to sell, and Fist agreed to buy a certain stock of merchandise at the wholesale cost price. Fist's equity in certain real estate was to be taken by Krug at $3000, and in case the invoice price of the stock should not

amount to that sum, Fist was to accept a second mortgage on the real estate for the difference. The contract contained the following provision:

"It is further agreed that the said deed for the house and bill of sale for said stock of merchandise shall be put in escrow with the State Bank of Holton, Kan., and that in case of failure to perform his part of this contract said party failing to do so forfeit to the other party the property represented by said deed and bill of sale as damages, and said bank is hereby authorized to deliver the papers to the party complying with this contract, immediately on the refusal of the other party to comply with his part of this contract."

The contract was never carried out, the defendant claiming that, between the time of the execution of the contract and the delivery of the merchandise, Krug had procured a lot of worthless clothing and put the same into the stock, for which reason he refused to make the trade. The court construed the contract as granting to each party a mere option to exchange properties, and instructed the jury that plaintiff was not entitled to a commission on that transaction upon the ground that neither party could have enforced specific performance.

For several reasons that might be suggested, the instruction fails to state the law correctly. If plaintiff's employment required him to produce a purchaser who would enter into a binding contract, then he had earned his commission. A binding contract was entered into for the exchange of properties. There was nothing optional about it. The fact that by its terms the parties might be held to have attempted to liquidate the damages in case of a breach made it no less an enforceable contract. We need not concern ourselves with a discussion of what would have been the true measure of damages in an action by the defendant against Krug for failure to perform. There is nothing in the evidence in this case to show whether or not the title papers had been executed and placed in escrow.

If either party breached the contract before the deed and bill of sale had been deposited in the bank, it is plain that the other might have maintained an action to recover any damages he sustained; and we discover nothing in the terms of the contract that would have prevented him in such case from compelling specific performance. Whether the courts would declare the provision that in case of a breach of the contract the party in fault should forfeit all his property involved in the trade to the other, regardless of the actual damages sustained, was an agreement for liquidated damages or for a penalty, is not before us. All that we decide is that the contract was not an option but an agreement for an exchange of properties, which was enforceable.

Moreover, the general rule applicable to this class of cases is that the agent is not obliged to procure a contract binding upon the purchaser. (*Betz v. Land Co.,* 46 Kan. 45, 26 Pac. 456; *Beougher v. Clark,* 81 Kan. 250, 106 Pac. 39.)

If he find a purchaser able, ready and willing to take the land upon the terms agreed upon, or when he has produced a person able, ready and willing to enter into a contract which is satisfactory to the principal, he has earned his commission. That is what the plaintiff appears to have done. It has been held in numerous cases that the refusal of the vendor to complete the bargain will not defeat the agent's right to the commission. (*Neiderlander v. Starr,* 50 Kan. 766, 32 Pac. 383; *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116; *Staley v. Hufford,* 73 Kan. 686, 85 Pac. 753; *Beougher v. Clark,* supra.)

In the latter case it was said in the opinion:

"The agent has no power to execute the contract, to pay the money, to convey the land or to compel the performance by either of the parties." (p. 252.)

The defendant has cited and relies upon the case of *Stewart v. Fowler,* 37 Kan. 677, 15 Pac. 918, which has

been expressly distinguished and limited in *Betz v. Land Co.*, supra, and again in a subsequent decision of the same case (*Stewart v. Fowler*, 53 Kan. 537, 539, 540, 36 Pac. 1002).

The only difference between the Betz case and this is that in the former the principal, by the terms of the contract, had an option to forfeit and the purchaser had no option, while in this case it is claimed that both parties had the right to exercise an option. The court in the former case held that the agent was entitled to his commission when he had procured for his principal a party with whom the latter was satisfied and who entered into a written contract to buy at the stipulated price and was financially able to perform the conditions of the contract, although the contract provided that the principal should have the option to declare a forfeiture for nonpayment of the installments and had exercised such option.

We discover no error in permitting defendant, upon cross-examination of plaintiff, to show the amounts paid by defendant in other transactions wherein the plaintiff was his agent. This appears to have been competent for the reason that when asked about a certain check which the plaintiff admitted was paid to him, he claimed that it had not been received in any of the trades involved in the action.

One cause of action was upon an alleged indebtedness of the defendant to Craver & Company which had been assigned to the plaintiff, and we see no reason for an objection to the admission in evidence of payments made by the defendant of orders drawn upon him by Craver & Company.

We have not been impressed with the force of defendant's reasoning in support of the motion to dismiss on the ground that less than one hundred dollars is involved in the appeal. The sum sued for in the several causes of action amounts to more; and the plaintiff is still contending that all of it is due and

that there were trial errors affecting his right to recover the full amount. The admissions made by him in his cross-examination did not necessarily preclude him from recovering a sum in excess of a hundred dollars. Any conflict in the evidence was for the jury to determine. (See *Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.)

The amount involved in the errors assigned by the plaintiff being in excess of one hundred dollars, this court acquired jurisdiction. The judgment is reversed as to the second cause of action in which the plaintiff claims a commission of $90 in the Krug transaction. On that cause of action a new trial is ordered.