Wheeler v. Waymire.

---

No. 20,831.

J. A. WHEELER, *Appellee,* v. W. O. WAYMIRE, *Appellant.*

SYLLABUS BY THE COURT.

AGENCY—*Exchange of Real Estate — Purchaser Found — Commission Earned.* An agent for the exchange of real estate has earned his commission where, after finding a purchaser able and willing to trade, he brings the parties together and they agree to an exchange on terms satisfactory to his principal.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed April 7, 1917. Affirmed.

*S. F. Wicker,* and *Gordon A. Badger,* both of Eureka, for the appellant.

*A. B. Miller,* of Eureka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued for commission as an agent in procuring an exchange of property for defendant. He recovered judgment, and defendant appeals.

The defendant resided at Madison, Kan. Having become the owner of a half section of land in Missouri, near the town where plaintiff was engaged in the real estate business, he arranged with plaintiff to procure for him an exchange for the land, or to lease it in case no exchange was made. On March 26, 1915, after some correspondence in reference to leasing the land to R. S. Handy, an adjoining landowner, the plaintiff wrote defendant a letter which contained the following statement:

"Mr. R. S. Handy leaves here to-morrow night for your town. He is the party that is wanting to rent your land. He also has traded for the Doty Hotel in your town. It might be that you would make a deal with Mr. Handy and let him have the half section. It adjoins his home farm. I will have him call and see you."

On March 29 defendant replied that Mr. Handy was there that day and had renewed his offer to lease the half section; that Handy had made a trade for the hotel. The letter made no reference to a talk which Handy testified defendant had with him the same day in regard to trading the half section for the hotel. On March 29 the plaintiff wrote defendant about a possible trade with another party, and asked whether defendant had been "able to do anything with Mr. Handy." To this inquiry defendant made no reply. May 25 plaintiff wrote stating that he had just learned that an exchange between the defendant and Handy had been closed, and demanded his commission. Defendant immediately replied: "I owe you nothing."

Mr. Handy's testimony is, in substance, that at plaintiff's suggestion he went to Madison, talked with Doty, the owner of the hotel, about a trade; that he saw defendant and kept trying to induce him to agree to take the hotel in exchange for the Missouri land. Defendant "stood him off" and said:

"When you get it closed up, we will talk it over." Subsequently he made a trade for the hotel and took possession April 15, and for two or three days talked trade with defendant, who did not care for the hotel but was willing to exchange his Missouri land for a quarter section which Doty owned near Madison. An arrangement was then made with Doty to take back the hotel in exchange for the quarter section; and as soon as Handy received the deed to the latter a trade was made with defendant by which he accepted the quarter section in exchange for the half section in Missouri.

It appears to be the contention that the exchange finally consummated with Handy was one not contemplated by the plaintiff when he wrote the letter which he claims resulted in bringing the parties together; that the trade for the hotel was never made, but, on the contrary, the parties made an independent exchange for themselves after all negotiations in reference to the original proposition had been abandoned. It is therefore claimed the court erred in not instructing that, if the jury found the original negotiations did not result in a trade and were abandoned, and the parties afterward opened new negotiations resulting in a trade independent of plaintiff, he could not recover. There was no request for an instruction based upon this theory of the defense. The court gave a concise and accurate general statement of the law covering the issues, and, after fully defining what is meant by "the procuring cause" in an exchange or sale of real estate, applied the law to the concrete case before the jury as follows:

"If the defendant in this action placed his farm in the hands of the plaintiff for the purpose of having it sold or exchanged for other property, and the plaintiff thereafter found one R. S. Handy to whose attention he directed the desire of defendant to sell or exchange his farm and thereafter introduced or sent the said R. S. Handy to the defendant for the purpose of buying or exchanging for said defendant's farm and called defendant's attention thereto, and a sale or exchange was as a result thereof, thereafter made between the defendant and said Handy, then the defendant would be liable to the plaintiff for his commission upon such sale or exchange."

Had an instruction been requested to the effect that where the broker fails to bring a customer to terms, and then abandons the negotiations, he is not entitled to a commission upon

a sale made subsequently by the owner to the customer, it would not have been proper because there was no evidence to show an abandonment of the negotiations by the plaintiff; though it is obvious the defendant was willing to abandon the first negotiations and proceed independently so far as the law would permit him.

Plaintiff was not employed to find a customer who would agree to exchange a hotel or any particular kind of property for the Missouri land. It made no difference to him what terms the parties finally agreed upon. Having brought the parties together and notified his principal of what he had done in the matter his commission was earned when the parties had agreed to exchange upon terms satisfactory to his principal. (*Betz v. Land Co.*, 46 Kan. 45, 26 Pac. 456; *Green v. Fist*, 89 Kan. 536, 132 Pac. 179.)

We find no error in the instructions, and the judgment is affirmed.