No. 21,934.

Don T. Edwards, *Appellant,* v. George L. Dana and Mrs. George L. Dana, *Appellees.*

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT — *Purchaser Found — Commission Earned.* The plaintiff found a customer ready, able and willing to buy the defendant's land on the latter's terms, and as the letter advising the plaintiff that the land had probably been sold did not reach him until after such purchaser had been found, he had earned, and is entitled to, his commission.

Appeal from Haskell district court; George J. Downer, judge. Opinion filed February 8, 1919. Reversed.

*C. G. Dennis,* of Sublette, for the appellant.
*Ralph H. Munro,* of Fairfield, Ia., for the appellees.

The opinion of the court was delivered by

WEST, J.: This was an action to recover a commission for the sale of real estate. The plaintiff lived at Plains, Kan., and the defendant at Fairfield, Iowa. After considerable correspondence touching the listing and sale of the land in controversy, the plaintiff asked for the exclusive sale until April 1, 1916, saying that in that event the more the land brought the more his commission would be. After being advised that the plaintiff had listed the land at $12.50 an acre, the defendant wrote that he had raised the price "to $2,400 cash . . ." till January 1, if not sold before if sold will let you know," to which the plaintiff replied that he was pleased so to list the land.

The defendant, on August 14, 1916, wrote the plaintiff as follows: "Will take $2,400.00 net, $1,200.00 cash. Balance 1, 2, 3 years secured by first mortgage at 6 per cent per annum until Jan. 1, 1917, and will notify you if sold sooner." Various offers were from time to time submitted by the plaintiff, none of them meeting the terms of the quoted letter. But in the latter part of December he found a purchaser at $2,500, which price would leave him a commission of $100. He wired this offer to the defendant by night message on December 30, and confirmed it by a message the following day, which the defendant testified he received about ten o'clock on the night of the 31st. In the meantime, the plaintiff had written on the 27th concerning a certain offer, saying that he would try to make a sale at the price and terms theretofore given him. On the back of this letter, under date of December 29, the defendant wrote: "Yours received and will say in reply that I think the land is sold if not will let you know as soon as possible." This was mailed at Fairfield, Iowa, December 29, and postmarked at Plains, "Dec. 31, 7 a. m. 1916. Rec'd."

On January 2, the plaintiff wrote for an abstract and the name of the defendant's wife. On the back of this letter the defendant wrote: "This letter received and will say you are too late as I received money on the land the 22 of Dec., 1916."

The defendant testified that he received some money about the 28th of December; that he sold the land on the 22d, but did

not get the money until about the 28th. He forgot to bring the check with him.

"Q. How did it come you did n't notify him, if you sold this land on the twenty-second, until the twenty-ninth? A. I did n't have no papers yet, so was n't sure whether it'was sold then or not.

"Q. You was n't sure whether it was sold or not? A. No, sir, not until the twenty-ninth, when I got the papers, and then I knew it was sold.

. . . . . . . . . . . . .

"Q. You did n't know then that the land was sold on the twenty-second of December, but you did know it was sold on the twenty-ninth—is that it? A. Yes, sir.

. . . . . . . . . . . . .

"Q. In other words, you wanted Mr. Edwards to keep right on trying to find you a purchaser for this land, in case you did n't get your deal closed up with Mr. Elliott? A. I wanted to be fair. If it was n't sold then, I wanted him to make a deal on it."

The letter of August 14 constituted the plaintiff the defendant's agent to find a purchaser for the land at the price named any time up to January 1, 1917, unless notified that the land had been sold.

The plaintiff testified that he sold the land a day or two before he received the notice from the defendant, and that when he wrote the letter of December 27 he had not sold it; that he received back his letter with the defendant's communication written on the back thereof on December 31, which was Sunday; that he probably received it about eight o'clock on the morning of that day; that he delivered the night-letter message to the telegraph company at six o'clock, Saturday night, December 30. On these matters there is no dispute. And so it appears that when he received the notification that the land had probably been sold, he had already complied with the terms of his agency and had found a purchaser ready, able and willing to take the land on the terms set forth in the letter of authority. This was all he was required to do. (*Davis v. Lawrence,* 52 Kan. 383, 34 Pac. 1051; *Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444; *Marlatt v. Elliott,* 69 Kan. 477, 77 Pac. 104; *Helling v. Darby,* 71 Kan. 107, 79 Pac. 1073; *Long v. Thompson,* 73 Kan. 76, 84 Pac. 572; *Green v. Fist,* 89 Kan. 536, 132 Pac. 179; *Lyman v. Wagner,* 90 Kan. 12, 132 Pac. 988; *Braniff v. Baier,* 101 Kan. 117, 165 Pac. 816.)

The agency was not revoked by the mailing, but, if at all, by the receipt of the letter. (2 C. J. 539, and cases cited.)

. Had the landowner desired to notify the agent that his services were no longer needed, and had he then sent a note in writing to the agent by a messenger, and had the agent, before the messenger reached him, found a purchaser in accordance with the terms of his agency, he would be entitled to his commission.

According to the undisputed facts, the plaintiff made out a case; the judgment therefore is reversed, and the cause remanded with directions to enter judgment in plaintiff's favor for the sum sued for.