Haggart v. King.

No. 22,551.

F. L. HAGGART, *Appellee,* v. W. C. KING, *Appellant.*

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT — *Listing Property for Sale* — *Not an Exclusive Agency* A landowner, by merely listing his property for sale with a broker, does not give the broker the exclusive agency to sell, and such an agency may be revoked at any time.

2. SAME — *Land Sold by Owner* — *Agent Not Entitled to Commission.* Where the owner of land lists his property with a broker who finds a purchaser, but fails to notify the owner until after the owner has sold the property to another, the broker is not entitled to a commission. (*Helling v. Darby,* 71 Kan. 107, 79 Pac. 1073.)

3. SAME—*Action for Commission—Demurrer to Answer Wrongfully Sustained* In an action to recover a real-estate broker's commission an answer admitting that the defendant had listed the property with the plaintiff to find a purchaser, and alleging that before he was notified by the plaintiff that he had found a purchaser, the defendant had sold the property to another, is not subject to demurrer on the ground that it fails to state a defense to the action.

Appeal from Ottawa district court; DALLAS GROVER, judge. Opinion filed June 5, 1920. Reversed.

*F. D. Blundon,* of Salina, and *E. C. Sweet,* of Minneapolis, for the appellant.

*J. A. Fleming,* of Salina, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appeal is from an order sustaining a demurrer to the defendant's answer.

The plaintiff sued to recover a commission for selling real estate. The defendant, who lived in California, owned land in Ottawa county, Kansas. The plaintiff lived at Salina. In answer to an inquiry by plaintiff, the defendant wrote, stating his terms and that he would be pleased to have the plaintiff sell the land; and in a second letter, dated October 12, 1918, wrote that he would sell the land for $3,800 net, if sold at once, and told the plaintiff to "get in touch with your buyers and explain the prospects." The petition set out copies of the correspondence, and alleged that on October 23 plaintiff found a

purchaser, John M. Bye, and entered into a written contract with him to take the land at $4,000; that the purchaser paid him $500 on the purchase price; and that plaintiff signed the contract as agent for the defendant. A copy of the written contract for the sale was attached to the petition, which showed that one of its provisions was that the defendant was to deliver to the purchaser "a good, merchantable abstract of title." The petition was apparently drawn upon the theory that plaintiff had been authorized to enter into a written contract with a purchaser and in compliance therewith had made a binding contract for the sale of the land in the name of the defendant.

In his answer, besides a general denial, the defendant admitted writing the letters referred to in the petition, but denied any liability to the plaintiff resulting from the correspondence, and alleged that the contract between the plaintiff and John M. Bye had not been authorized nor ratified by him. As a further defense, the answer alleged that the land had been listed with the plaintiff for sale, but that before plaintiff found a buyer, and before he had communicated the fact to the defendant, the latter had sold the land to one F. D. Doering.

Two of plaintiff's contentions urged in support of the ruling on the demurrer may be considered together. *First*, it is contended that the answer is insufficient because it fails to show that the plaintiff's agency was ever revoked by notice to him; and *second*, that after the receipt of the letter of October 12, authorizing him to proceed to sell the land, he was entitled to a reasonable time to induce prospective buyers to purchase on the terms stated, and thus to earn his commission before defendant could revoke his agency.

Both contentions are based upon the erroneous assumption that plaintiff was given the exclusive agency for the sale of the property. In the case of *Edwards v. Dana,* 104 Kan. 266, 178 Pac. 407, which is relied upon by the plaintiff, it was expressly stated in the opinion that the agent had asked and was given by the landowner the exclusive sale of the property for a fixed time. Within that time he found a customer ready, able and willing to buy on the owner's terms, and it was held that, inasmuch as the letter, advising him that the owner had sold the land, did not reach him until after the purchaser had been found, plaintiff had earned his commission. In the case at bar there was a mere listing of the property with the plain-

tiff to find a purchaser. Such an agency may be revoked at any time. (*Helling v. Darby,* 71 Kan. 107, 79 Pac. 1073.) In that case it was held that brokers, in whose hands property had been placed for sale and who, acting thereupon, had found a purchaser, but did not notify the owner until after he had sold it to another person, were not entitled to a commission for making the sale, for the reason that they did not have exclusive authority to sell. See the cases cited in Note, 24 L. R. A., n. s., 279, in which it is said:

"It without doubt is the general rule that, where property is placed in a broker's hands for sale in the ordinary way, that is, without specifying any certain period of time within which the broker is to have the right to sell, or that he, within a certain time, shall have the exclusive right to sell, the mere fact that the property is given to the broker for sale does not deprive the owner himself of the right to sell the property, and where the owner sells such property before the broker has found a purchaser, he cannot be held liable for commissions or damages for a breach of the contract." (Citing a large number of cases, including *Helling v. Darby,* supra.)

In his brief, plaintiff cites 9 C. J. page 522 (Title "Brokers," § 22, Note 15). Among the cases mentioned in the note is that of *Wanstrath Real Est. Co. v. Wenz,* 185 Mo. App. 162, but it is expressly stated in the note that in that case the plaintiff was given the exclusive agency and also the right to a commission in case of a sale by the owners.

There is some discussion in the briefs as to whether the written contract referred to in the petition, and which plaintiff entered into with John M. Bye, was binding upon the defendant. It has been held that under the usual contract by which a landowner lists his property for sale with an agent, the latter has no authority to make a written contract that would be binding upon the owner. (*Sullivant v. Jahren,* 71 Kan. 127, 79 Pac. 1071; *Wiggam v. Shouse,* 105 Kan. 637, 185 Pac. 896. and cases cited in the opinion.) The subject of executing a contract of sale on behalf of defendant with one who might be found willing to purchase the land was not considered or mentioned in the correspondence. All that was said in these letters was only what would naturally be said between the landowner desirous of selling and a broker with whom he was listing the property.

One further contention of the plaintiff requires notice. In one of his letters to the defendant, a copy of which is set forth

in the petition, and which was written before the defendant finally fixed the terms upon which he would sell the property, the plaintiff made this statement:

"I expect it best for me to give you the names of my parties I am figuring with so as to avoid misunderstanding, in case they should write to you in regard to the land; of course I would expect my commission, if these parties would buy the land, . . . Mr. Bye and Mr. F. D. Doering are the parties I have been dealing with and will of course expect you to protect me on the commission as I have put some time getting them interested."

In his answer defendant stated that before he learned of the sale to John M. Bye he had sold the land himself to F. D. Doering. The plaintiff insists that, having notified defendant that Doering was one of the men he had interested in the property, he is entitled to recover a commission for the sale defendant made to Doering. The action, however, is to recover a commission for procuring another purchaser, with whom plaintiff claims to have made a binding contract to take the land at a certain price. The pleadings do not disclose how much Doering paid for the land, and besides, the petition shows that plaintiff had abandoned negotiations with Doering; it alleges that he offered the land to Doering, who declined to purchase, and that he then arranged a sale with John M. Bye. The rule has often been applied to a defendant that he cannot, after litigation has begun, mend his hold and shift the ground of his defense. (*Redinger v. Jones,* 68 Kan. 627, 637, 75 Pac. 997; *Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444; *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116; *Braniff v. Baier,* 101 Kan. 117, 165 Pac. 816.) The same rule should apply in a proper case to a plaintiff; but, in any event, if plaintiff intended to rely upon a different cause of action from that stated in his petition he should not have demurred to the answer.

The judgment is reversed, and the cause is remanded with directions to overrule the demurrer.