Hover v. Decker.

No. 23,768.

H. D. HOVER, and B. E. ANTROBUS, *Appellants*, v. J. W. DECKER, *Appellee.*

SYLLABUS BY THE COURT.

1. REAL-ESTATE AGENT—*Commissions.* Before a real-estate agent employed to assist in finding a purchaser for land can recover a commission for its sale, the agent must show that his efforts did assist the owner to find a purchaser.

2. SAME. A real-estate agent employed to sell land must show that he sold the land or that he was the procuring cause of the sale before he can recover a commission therefor.

Appeal from Greenwood district court; ALLISON T. AYRES, judge. Opinion filed June 10, 1922. Affirmed.

*Homer V. Gooing,* of Eureka, and *F. S. Jackson,* of Chicago, Ill., for the appellants.

*S. F. Wicker, Gordon A. Badger,* both of Eureka, and *A. M. Keene,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued to recover a real-estate agent's commission for the sale of land. Judgment was rendered in favor of the defendant, and the plaintiffs appeal.

The plaintiffs alleged that the defendant requested them to assist him in finding a purchaser for a ranch in Greenwood county; that he agreed to pay the plaintiffs a commission for their services; and that as a result of their efforts the land was sold to one F. H. Hull. The evidence tended to show that the defendant listed the land with the plaintiffs for sale; that one of the defendants had a conversation with Mr. Hull concerning the latter's purchase of the land; that Mr. Hull was not interested; and that afterward, through others, he became interested in the land and purchased it. On the trial, the plaintiffs requested the following instructions:

"1. If at the time defendant listed the farm for sale with the plaintiffs he knew that F. H. Hull was a possible buyer and with knowledge defendant requested plaintiffs to interview and later F. H. Hull did contract to buy the land, then I instruct you as a matter of law defendant would be liable to plaintiffs for the amount of the commission.

"2. If you find from the evidence in this case that the defendant employed plaintiffs to aid and assist defendant in selling said land, and defendant received such services from plaintiffs and later sold said real estate to F.

H. Hull, then plaintiffs are entitled to prevail in this action and you should so find."

Neither of these instructions was given. The court in substance instructed the jury that to entitle the plaintiffs to recover they must have been the proximate and procuring cause of the sale of the property.

1. Plaintiffs contend that it was error to refuse to give the instructions requested. Under them, the plaintiffs would have been entitled to recover although their efforts had no effect whatever in inducing Hull to buy the land. In order to entitle the plaintiffs to recover, it was incumbent on them, under the allegations of their petition, to show that their efforts assisted in bringing about the sale of the property. The requested instructions omitted the element that was incumbent on the plaintiffs to establish. The evidence did not tend to prove the allegations of the petition. The evidence tended to show that the plaintiffs were employed by the defendant to sell the land. Under that evidence, it was not error for the court to refuse to give the requested instructions.

2. The plaintiffs complain of the instructions that to entitle them to a commission they must have been the proximate procuring cause of the sale of the land. If they were employed to sell the land, those instructions were correct. (*Beougher v. Clark*, 81 Kan. 250, 106 Pac. 39.) Under the evidence, those instructions were properly given.

The judgment is affirmed.