No. 28,392.

LEONARD J. ISERN, *Appellant,* v. ANNA MILLER GORDON, as Executrix of the Estate of Jacob B. Miller, Deceased, *Appellee.*

(273 Pac. 435.)

Opinion filed January 12, 1929.

*Wayne H. Lamoreux* and *R. C. Russell,* both of Great Bend, for the appellant.

*Clyde Allphin,* of Great Bend, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by a real-estate agent against a landowner to recover for the breach of an exclusive agency contract, and the only question involved is the amount of compensation or damages he should recover where he did not procure a prospective purchaser, but the owner sold the land to one procured by another agent within the time given exclusively to the plaintiff. Is it to be a commission based upon the price received by the owner or is it to be damages incurred in endeavors to procure a purchaser?

The case was commenced in the justice court and appealed to the district court, where the bill of particulars, as amended, contained allegations as to time and money expended to find a purchaser, and also that the landowner had sold the property for $300 above the net price named in the contract with plaintiff. The court,

on motion of defendant, struck out from the petition the allegations of the $300 excess, and the plaintiff appeals, insisting that the $300 excess is the proper measure of his recovery. There was a stipulation as to the amount of recovery on the other theory, so that the case is properly here for review.

The written contract was attached to the bill of particulars, and is as follows:

"Great Bend, Kan., October 30, 1925.

"For the consideration of one dollar ($1), the receipt of which is hereby acknowledged, I hereby give unto Leonard J. Isern the sole and exclusive right, for a period of *thirty days* from date, to sell and dispose of my property described as follows, to wit: Lots 21 and 20 in block 78 in the original plat of the city of Great Bend, Barton county, Kansas, at a. price to net me the sum of five thousand seven hundred dollars ($5,700).

"J. B. Miller.
"Leonard J. Isern.

"Witness: Wayne H. Lamoreux."

The bill of particulars shows that plaintiff, as soon as the contract was signed, went to a distant point at some expense to endeavor to effect a sale, and worked there and elsewhere for three days on this matter until he learned that the landowner had sold the property through another agent for $6,000, and he insists that his proper compensation is the $300 the owner received above the net price named in the contract. Since the commencement of this case the owner of the land has died and the cause has been properly revived in the name of his representative.

There would be no question as to the contention of the appellant if he had procured this purchaser or any other prospective purchaser prior to the revocation of the contract, ready, able and willing to pay $6,000. The difference, or $300, would have been earned by him regardless of the action of the owner in accepting or rejecting the offer. But the plaintiff contributed nothing toward procuring this purchaser, and, under the general rule as to broker's commission, he must do something toward earning it. What he did during those three days is not claimed by him to have had anything to do with the sale actually effected. A real estate commission is only earned by finding a purchaser. This he did not do, and we think there was no error in the holding of the trial court that under the written contract and the allegations of the bill of particulars plaintiff could not recover the $300 as commission.

"A real-estate broker employed to find a purchaser of land at a fixed price

is not entitled to a commission unless he procures a purchaser ready, willing and able to buy the land at the stipulated price, or one who at the end of negotiations with the owner does buy it at a lower price." (*Morris v. Francis*, 75 Kan. 580, syl., 89 Pac. 901.)

"Before a real-estate agent employed to assist in finding a purchaser for land can recover a commission for its sale, the agent must show that his efforts did assist the owner to find a purchaser.

"A real-estate agent employed to sell land must show that he sold the land or that he was the procuring cause of the sale before he can recover a commission therefor." (*Hover v. Decker*, 111 Kan. 395, syl., 207 Pac. 781.)

There are numerous decisions to the same effect, but stated affirmatively, that when the agent has found a prospective purchaser he is entitled to his commission regardless of the acceptance or rejection by the landowner of such offer. (See *Lockwood v. Halsey*, 41 Kan. 166, 21 Pac. 98; *Wheeler v. Waymire*, 100 Kan. 383, 164 Pac. 186; *Edwards v. Dana*, 104 Kan. 266, 178 Pac. 407; *Haggart v. King*, 107 Kan. 75, 190 Pac. 763; and *Moore v. Gould*, 108 Kan. 99, 193 Pac. 1057.) But appellant urges that the rights of a broker having an exclusive agency are different from those of agents without such exclusive privileges. They are different in some particulars, but not with respect to the duty of finding a purchaser. In the case of *Goldberg v. Investment Co.*, 112 Kan. 348, 212 Pac. 157, it was said in the opinion:

"The answer disclosed that before revocation occurred the agent had not only entered upon the business of finding a tenant, but had secured Wolcott as a tenant. The next day the plaintiff attempted to revoke the agent's authority, but the agent refused to submit to any revocation. The listing contract created an exclusive agency for a definite period. It expressed a consideration, and in any event became binding on the principal as soon as the agent expended time and money in the principal's service. The agent could not then be prevented from earning a commission, within the period of his appointment, by revocation of authority while he was conducting negotiations with a prospective tenant." (p. 355. See, also, *Fleming v. Hattan*, 92 Kan. 948, 142 Pac. 971; *Braniff v. Baier*, 101 Kan. 117, 165 Pac. 816.)

In the cases of *Jones v. Hedstrom*, 89 Kan. 294, 131 Pac. 145, and *Culbertson v. Sheridan*, 93 Kan. 268, 144 Pac. 268, the same duty of finding a purchaser was held to be necessary to entitle an agent to commission where it consisted of a difference between the net price and an advance price procured.

Appellant cites a number of cases in support of his contention, but we cannot agree that they are decisive of the real point in issue in this case. In the case of *Braniff v. Baier*, supra, it was said:

"There was little occasion for the agents to go through the form of making a tender when the defendants had refused to carry out their contract. Having put their refusal solely upon the grounds mentioned, they are estopped after the suit is brought to shift their position and defend on grounds not then relied on and which the agents might have supplied, overcome, or corrected if they had been mentioned." (p. 121.)

But this was where a purchaser had been procured and the owner told the agent the land was not on the market, and later in the litigation attempted to avoid the liability by calling attention to some minor details of settlement not performed by the purchaser.

Appellant relies strongly upon the decision in *Durkee v. Gunn*, 41 Kan. 496, 21 Pac. 637, the third paragraph of the syllabus of which is as follows:

"Where an agent has an agreement with his principal to sell certain lands, which have been placed in his hands to be disposed of within a time limited, and the agent is to receive no pay or compensation for advertising, putting the same upon the market, or for his services, excepting a share of the profits arising from the sales of the lands, and in the performance of such agreement he renders services for several months, and expends time and money, and then, without any reason or excuse, the principal revokes the contract and refuses to permit him to sell the land under the contract, the agent is entitled to recover from the principal such compensation in damages as will be equal in amount to his share of the profits which would have resulted had the lands been sold by him."

This shows plainly that it was not merely a question of agency and commission, but a contract for advertising the property, and, as the opinion shows, was a booming of the city property which almost doubled its value within the time limited by the contract. Under such a contract the agent was entitled to recover on a different basis, not because of a sale, but because the property had by his efforts increased in value and he was entitled to one-half of that increase.

The contract in the case of *Kirshner v. Brown*, 78 Kan. 531, 96 Pac. 848, makes it inapplicable to the issues in the instant case, for it provided that the agent should "receive 5 per cent of all rents collected and 2½ per cent of the price should any of the property be sold, no matter by whom, he, however, to have an exclusive agency for the sale thereof." The same situation existed in the case of *Gaillard Realty Co. v. Rogers Wire Works*, 213 N. Y. S. 616, where the agent was to receive a stipulated amount if other agents made the sale. In *Genske v. Christensen*, 189 Wis. 520, the contract

provided that "if a sale is effected by you, myself, or any one else, I agree to pay you three per cent commission." In *Jones v. Hollander,* (N. J.) 130 Atl. 451, it was stated in the contract "that the above-named agent shall be paid the full amount of said commission if said property is sold during the term of this agreement." In *Green v. Cole,* 127 Mo. 587, cited by appellant, the contract of agency imposed upon him the duty of having the land surveyed and platted into town lots, and it was held that the owner, by revocation of the contract within the time limited as exclusive, was liable for the profits which would have resulted to the plaintiff if he had been permitted to conclude the arrangement. He had enhanced the value of the property by surveying and platting it, and enriched the owner to that extent. Nothing of this nature was in the case at bar.

Other cases are cited, where purchasers were actually procured by the plaintiff and therefore are not controlling in this case. This is a plain case of breach of contract, and plaintiff is entitled to recover the damages he has suffered because of the breach, but not in the form of a real-estate commission on a sale made through another agent, even during the time of his exclusive right, when he did not procure a purchaser ready, able and willing to buy the property.

"Where the principal wrongfully terminates the contract of employment by revoking the broker's authority, the latter is entitled to recover as damages not only the value of such services as he has already rendered together with such disbursements as he has made in his employer's behalf, but also such prospective profits as he can reasonably establish would have been his but for the wrongful revocation of his authority." (4 R. C. L. 255.)

The ruling and orders of the trial court are affirmed.