No. 17,096.

LAMBERT *v.* HASKINS.
(263 P. [2d] 433)

Decided November 9, 1953.

Messrs. LENNARTZ & WALROD, for plaintiff in error.

Mr. MAURICE W. KONKEL, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

DEFENDANT Lambert, by written listing card, employed plaintiff Haskins as sole and exclusive agent to sell or exchange his farm at an agreed price and on an agreed commission, "This agreement to run 2 months from date and thereafter until 30 days written notice is given of withdrawal from market." Plaintiff contacted some prospective purchasers, but had failed to produce one ready, willing and able to purchase when, approximately a month after date of the listing, defendant himself made sale of the premises at a lower price independent of an agent. Subsequently, plaintiff brought the action here reviewed, praying for the commission provided for on the listing card. Upon issue joined, the case was tried and judgment rendered finding the issues in favor of plaintiff and giving judgment for the full amount of the commission. There is little dispute as to the essential facts and, as the trial court said, "The sole question to determine here is whether or not the owner of land, after he has given an exclusive agency to sell his property for a specified period of time, can, during that period of time, himself sell the property without being liable to the agent for a breach of contract or for a commission." That is the one question properly submitted to us and, as noted by the trial judge, it appears to be a question of first impression in Colorado.

Counsel for defendant in his brief has made statements of purported facts not contained in the record and has argued an issue not presented to the trial court. It should be unnecessary to say that this was improper and neither such statements nor such arguments may be considered by us.

We think the court erred in giving plaintiff judgment for the commission provided for in the listing of the farm. Under the terms of the listing he was entitled to the commission only in case of his procuring a purchaser

at the agreed price. This he did not do and there is no assurance that he would or could have earned his commission even had the owner not sold the place without his aid. *Isern v. Gordon,* 127 Kans. 296, 273 Pac. 435. Accordingly, his claim against defendant cannot be for his commission, which he has not earned. If the action be considered as one for damages, eliminating issues which might have been but were not herein raised, there still remains for answer the question posed by the trial court, to wit: Did the action of defendant in selling his property direct, without the services of any agent, constitute a violation of his agency agreement?

■■ While authorities are far from unanimous and sometimes confusing, we think the weight of authority is that a sale by the owner, as in the case before us, does not violate the contract of exclusive agency. As said in the opinion in the very similar case of *Ingold v. Symonds,* 125 Iowa 82, 99 N.W. 713, "The right of an owner to sell his own property is an implied condition of every contract of agency, and, unless expressly negatived, will prevail. The commission is payable only in case of the agent's finding a purchaser, and the agent takes his chances on the owner himself making a sale. The only effect of such a contract as the one now before us is to forbid the owner from placing the property in the hands of any other agent. Under such a contract as this the owner has the right to sell the property himself without in any way violating his obligation to his agent. This view is sustained by the unbroken voice of authority. *Dole v. Sherwood,* 41 Minn. 535 (43 N.W. Rep. 569, 5 L.R.A. 720, 16 Am. St. Rep. 731); *Golden Gate Co. v. Farmers' Union Co.,* 55 Cal. 606."

The rule so declared has been followed both in Iowa in *McPike v. Siver,* 168 Iowa 149, 150 N.W. 52, and *Hedges Co. v. Shanahan,* 195 Iowa 1302, 190 N.W. 957, and in other jurisdictions in many cases, including *Harry H. Rosin Co. v. Eksterowicz et al.,* 45 Del. 314, 73 A. (2d) 648; *Roberts v. Harrington,* 168 Wis. 217, 169 N.W. 603;

436

*Snook v. Page,* 29 Cal. App. 246, 155 Pac. 107; *Faith v. Meisetschlager,* 45 Cal. App. 7, 187 Pac. 61; *Strout Western Realty Agency, Inc. v. Gregoire,* 101 Cal. App. (2d) 512, 225 P. (2d) 585; *Flinders v. Hunter,* 60 Utah 314, 208 Pac. 526; *Bomar v. Munn,* Texas Civ. App., 158 S.W. 1186; *Sunnyside Land and Inv. Co. v. Bernier,* 119 Wash. 386, 205 Pac. 1041. See, also, 64 A.L.R. at page 396.

Judgment reversed and cause remanded with instructions to enter judgment of dismissal.