### EDGAR B. CORSE v. W. L. KELLY.
#### No. 15,819.

#### SYLLABUS BY THE COURT.

AGENCY—*Commission—Sale of Real Estate.* Where a prospective purchaser of real estate, who has been solicited to buy it by a broker having a non-exclusive agency for its sale, definitely decides not to do so, the owner is not liable for a commission, although shortly afterward, acting in good faith, he sells it to the same person through independent negotiations set on foot by one who is not a real-estate agent and who neither receives nor asks compensation for his services, having an indirect interest in the sale being effected.

Error from Kiowa district court; GORDON L. FINLEY, judge. Opinion filed May 8, 1909. Affirmed.

*John D. Beck,* for the plaintiff in error.

*R. F. Crick,* and *L. G. Turner,* for the defendant in error.

The opinion of the court was delivered by

MASON, J.: Edgar B. Corse sued W. L. Kelly for a real-estate broker's commission, and having failed to recover prosecutes error. The case was tried without a jury, and the only question presented is whether there was any evidence to sustain a finding for the defendant, in view of admissions that Kelly listed a farm with Corse, who showed it to one C. Swanson and tried to induce him to buy it, and that, although no sale was made at the time, about a week later Swanson bought the property directly from Kelly. The natural inference from these facts alone would be that the sale was the result of Corse's efforts, and therefore that he earned his commission.

But there was evidence tending to show these additional facts: After Swanson had been shown the land by Corse he decided not to take it, and bought a stock of hardware of one Grove. But before paying for this he became dissatisfied and concluded to throw it back upon the hands of Grove, as his contract gave him a right to do by forfeiting what he had already paid. Grove, however, persuaded him to try to trade the merchandise to Kelly for the farm, and set on foot negotiations by which that result was accomplished without any aid from Corse.

This evidence warranted a judgment for the defendant, inasmuch as it justified a finding that after the efforts of Corse to induce Swanson to buy the land had definitely failed and had spent their force Kelly, acting in good faith, made a sale to Swanson which was the result of a new and independent cause, not connected with anything that Corse had done. (19 Cyc. 257, 262, 263; 23 A. & E. Encycl. of L. 914, note 2.) If Grove had been acting as a real-estate agent he, and not Corse, would under such a finding have been entitled to the commission. The fact that his purpose in promoting the deal was to induce Swanson to complete the pur-

chase of the stock of merchandise can not require that Kelly should pay Corse for services which did not in fact cause the sale.

The judgment is affirmed.