No. 20,286.

THE CHAMBERLAIN METAL WEATHER STRIP COMPANY, *Appellee,* v. THE BANK OF PLEASANTON, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGOTIABLE INSTRUMENTS—*Check—Bill of Exchange—Accepted by Bank—Bank Liable to Payee.* Under the negotiable instruments act (Laws 1905, ch. 310, Gen. Stat. 1909, §§ 5247-5446) an ordinary bank check is a bill of exchange (Gen. Stat. 1909, § 5379) and when it is presented to and retained by the bank and the account of the maker is charged therewith, the bank is liable to the payee as an acceptor (Gen. Stat. 1909, § 5315).

2. BANKS AND BANKING—*Check Payable to Order of Creditor—Paid on Unauthorized Endorsement — Bank Liable to Creditor.* Where a debtor has ample funds in a solvent bank and gives a check thereon

to satisfy his debt, and the check is made payable to the order of the creditor, the bank which receives and retains the check and charges the drawer's account therewith is liable to the creditor thereon, and by a payment of the check to a third party on an unauthorized endorsement the bank does not avoid its liability to the creditor.

3. APPEAL AND ERROR — *Vital Question of Fact — Judgment on Pleadings—New Trial.* Where a vital question of fact is involved in a lawsuit, it is not error for a court to set aside its judgment on the pleadings and grant a new trial.

Appeal from Linn district court; CHARLES E. HULETT, judge. Opinion filed July 8, 1916. Affirmed.

*James D. Snoddy,* of Pleasanton, for the appellant.

*Charles F. Trinkle,* of La Cygne, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The Chamberlain Metal Company performed certain services and furnished certain materials for Mrs. S. J. Ellis and she gave her check on the Bank of Pleasanton for $134 in favor of the company in payment therefor. Mrs. Ellis delivered the check to Sprague T. Haskell who indorsed it in the name of the company, "by Sprague T. Haskell, Agt.," and he presented it to the bank and received the money thereon. Haskell did not pay over the money to the plaintiff company, and it brings this action against the bank alleging these facts, and alleging, also, that Haskell had no authority to indorse the check and that the indorsement of its corporate name was a forgery, that he had no authority to make collections on plaintiff's account, that the bank was not authorized to pay the check to Haskell, and that there was due from defendant to plaintiff upon *the said check* the sum of $134, etc.

The bank's demurrer was overruled, whereupon it answered by general denial. The plaintiff replied with an allegation that Haskell was not its general agent and denied that he had authority to receive or collect money on its behalf. At the trial, after statements of the case by counsel in harmony with the pleadings, the defendant objected to the introduction of evidence. The objection was sustained and judgment was entered for defendant. Later a motion for a new trial was granted, and the bank appeals. Was it proper for the court to grant a new trial?

Chamberlain Co. v. Bank.

Plaintiff alleged that its debtor, Mrs. Ellis, gave her check to Haskell, and alleged that Haskell was not its general agent and that he had no authority to indorse it and had no authority to receive or collect money for the plaintiff. The defendant argues that this is inconsistent. We hardly think so. It is very common for business houses to employ clerks to receive checks and to open mail containing checks, but it would hardly do to say that such clerks or employes are general agents with power to indorse their employers' names or the names of their business firms, with or without the clerks' own signatures as agents, and the employment to receive checks does not imply the additional authority to indorse such checks and to receive money thereon.

Whatever may have been the rule before the adoption of the negotiable instruments act (Laws 1905, ch. 310, Gen. Stat. 1909, §§ 5247-5446), the bank's liability to the payee of an accepted check is now clear. (Gen. Stat. 1909, § 5315.) The retention of the check and the charging of Mrs. Ellis' account was an acceptance. (Gen. Stat. 1909, §§ 5372, 5389, 5390.) In 5 R. C. L. 521, it is said:

"The acceptance of a check, so as to give a right of action to the payee, is inferred from the retention of the check by the bank, and a subsequent charge of its amount to the drawer, although it was presented by, and payment made to, an unauthorized person. Under the Negotiable Instruments Act a constructive acceptance will take place upon failure to return the check within twenty-four hours."

(See, also, Ballard v. Bank, 91 Kan. 91, 96, 136 Pac. 935.)

Mrs. Ellis had ample funds in the defendant bank, and the bank was solvent. It was the duty of the bank, since it did not decline acceptance, to pay it to the plaintiff or to the holder under plaintiff's valid indorsement. (Gen. Stat. 1909, § 5390.) But the bank was bound to determine, at its peril, whether Haskell had authority to indorse the plaintiff's name on the check and to receive the money thereon. This is a question of fact, and the last ruling of the court which set aside its first judgment on the pleadings and granted a new trial thereon is correct. (See the well-considered case of McFadden v. Follrath, 114 Minn. 85, 130 N. W. 542, 37 L. R. A., n. s., 201, and Note.)

The judgment is affirmed.