No. 21,715.

S. J. Soper, *Appellant,* v. J. M. Deal, *Appellee.*

SYLLABUS BY THE COURT.

Agency—*Sale of Real Estate—Commissions.* In an action for a real-estate agent's commission, where a sale was made through another agent to a purchaser with whom negotiations had been first started by the plaintiff, it is held that the evidence warranted submitting to the jury the question whether the sale was made as the result of a new and independent cause, disconnected with anything the plaintiff had done, operating after the efforts of the plaintiff to make a sale had failed and spent their force, and the purchaser had finally and in good faith decided not to buy on the terms offered him by the plaintiff.

Appeal from Reno district court; Frank F. Prigg, judge. Opinion filed October 12, 1918. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellant.

*George A. Neeley,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

Mason, J.: S. J. Soper sued J. M. Deal for a real-estate agent's commission of $592.50. A jury trial resulted in a judgment for the defendant, and the plaintiff appeals.

The defendant owned a farm of 237 acres. The plaintiff brought John M. Doner to him and introduced him as a prospective purchaser. According to the plaintiff's evidence the defendant availed himself of his services, naming a price of $100 an acre net to him, the plaintiff stating that his commission would be two and a half percent. The defendant testified that he had told the plaintiff and the customer that his price was $100 an acre, and had added: "I have had trouble with real-estate men, and I will not obligate myself to pay any commission. You two fellows will have to fix this commission among yourselves." The parties separated without a sale having been agreed upon. Negotiations, however, were continued from time to time for about two weeks, without an agreement being reached. Finally the defendant sold the property to Doner through an agent named McCullough, for $100 an acre, paying McCollough a commission of $25.

The plaintiff contends that a peremptory instruction should have been given for a verdict in his favor, on the ground that his right to a recovery was established by the defendant's own testimony. A phase of the same question is raised by objections to instructions that were given, to the effect that if the sale through McCullough was made as the result of a new and independent cause not connected with anything the plaintiff had done, after the plaintiff's efforts had failed and spent their force, and after Doner had finally and conclusively and in good faith decided not to buy on any terms proposed to him by the plaintiff, the verdict should be for the defendant. This is in accordance with the ordinary rule. (*Corse v. Kelly,* 80 Kan. 115, 101 Pac. 1016; 9 C. J. 621.) The plaintiff does not question the correctness of the general doctrine, but insists that it has no application here because there was no evidence that his efforts to sell the land to Doner had spent their force, but that, on the contrary, the undisputed evidence showed that they were still negotiating, adding:

"We claim that any person could tell from the evidence in this case that if Doner could not have got the land from Deal he would have gone to Soper and bought the land and paid him a commission. The conduct of Doner and Deal, in which it was arranged that another man should sell Doner the land, and the manner in which it was carried out, all show plainly, not only that there was a conspiracy between Doner and Deal to beat Soper out of his commission, but that the manner in which they did it was actually fraudulent upon Soper."

The circumstances lend much plausibility to this argument as one addressed to the jury, but its persuasive force was a matter for their determination. The sale through McCullough took place on the morning after a consultation between Doner and the defendant, in which, according to Doner's testimony, the defendant told him that another man would sell him the land. The defendant, however, testified that in the conversation referred to Doner told him that the deal was off. While the defendant did not in so many words deny that he had said that another man would sell the property to Doner, he did so inferentially, by stating that he had said to Doner: "You can't buy the place of me unless you get rid of Soper; I don't want no lawsuit or any trouble of any kind with this commission;" and by adding that he had had the place listed with McCullough

for about eight months, and that in the meantime he never saw McCullough and didn't say a word to him about it.

We think the evidence presented a case for submission to the jury and warranted giving the instructions referred to.

The judgment is affirmed.