## CHARLESTON.

### I. E. HENDERSON *v.* RALPH LEBOW.

Submitted November 6, 1923.   Decided November 20, 1923.

1. PRINCIPAL AND AGENT—*Agency not Coupled with Interest Revocable at Will; Damages Recoverable for Wrongful Revocation.*

   An agency, not coupled with an interest, and not for a fixed time, may be revoked by the principal at will; but the principal may be rendered liable in damages to the agent for wrongful revocation of the contract of agency.   (p. 76).

2. SAME—*Right to Commission not Interest Rendering Agency Irrevocable.*

   Commission to be earned by an agent is not an interest rendering the power of agency irrevocable.   (p. 76).

3. SAME—*Power of Recovation not Affected by Expenses Incurred by Agent Without Authority.*

   The fact that the agent, without authority or consent of the principal, may have incurred expense in executing the agency, does not affect the power of revocation.   (p. 76).

Error to Circuit Court, Kanawha County.

Assumpsit by I. E. Henderson against Ralph Lebow. Judgment for plaintiff, and defendant brings error.

*Reversed; new trial awarded.*

*Maynard F. Stiles* and *Payne, Minor & Bouchelle,* for plaintiff in error.

*B. J. Pettigrew* and *John S. Horan,* for defendant in error.

MILLER, PRESIDENT:

This is an action in assumpsit for commissions alleged to have been earned by plaintiff for the sale of merchandise owned by defendant.   The judgment complained of was for $773.19.

The declaration contains the common counts and one special count, the latter alleging that by verbal agreement defendant gave plaintiff the right and privilege of selling, at prices to be fixed by plaintiff, and on a commission of twenty-

five per cent, all of a certain lot of metal materials then owned by defendant and stored in his several warehouses; that in pursuance thereof plaintiff undertook to and did find purchasers ready and willing to take and pay for said goods, but that defendant refused to consummate the contracts made with said purchasers; that defendant in violation of his contract, sold certain of said goods and refused to pay the plaintiff the commissions due him thereon; and that defendant had refused to pay him commissions on any of the merchandise for which he had found purchasers and had sold pursuant to his contract. Damages are laid in the sum of $1,200.00.

Plaintiff filed with his declaration a bill of particulars, setting out in detail ten alleged sales, on which he claimed commissions amounting to $1,200.77.

Plaintiff's testimony is that defendant was engaged in the business of buying and selling second-hand oil well supplies and other machinery; that by a verbal contract he authorized plaintiff to sell all the accumulation of materials then on hand, at the best prices obtainable, prices to be fixed by plaintiff; that plaintiff took possession of the goods, classified them, and expended time and money in cleaning them up and putting them in a salable condition, and in making trips to Parkersburg, Marietta and Pittsburgh looking for a market for the goods; that he sold and delivered some of the materials and contracted for the sale of others; that about two weeks after the making of the agreement defendant came to him and directed him not to sell any more of the goods without consulting defendant as to prices; and that a few days later defendant placed new locks on the warehouses, and that he was not able to make delivery of any of the goods sold by him except two lots delivered before defendant locked up the warehouses. Plaintiff also introduced two or three witnesses who, he says, were present at the time the contract was made. One of these says that his understanding was that plaintiff was "to sell at the best price he could." The others did not hear anything about the prices to be obtained.

Defendant says he revoked plaintiff's agency because he was selling the goods at prices far below their market value,

and because he had broken his agreement to consult him about prices. He testifies that by the terms of the contract plaintiff was only given authority to sell "some" of the goods, and that this was subject to prior sale by himself or one or more of his employees then engaged in selling materials for him; that plaintiff agreed to consult him about prices; that plaintiff was only given the key to one of his warehouses, but obtained from one of his employees keys to the others, and refused to return them; that he sold for $40.00 a ton the same kinds of materials for which plaintiff was only getting $13.00 per ton. He says that the contract was made at his place of business, and not at the place claimed by plaintiff, in the presence of plaintiff's witnesses.

The contract is admitted. There is no evidence that the agency was to continue for a definite length of time. Plaintiff's claim is that he was given authority to sell all the materials defendant then had on hand, and that his authority could not be revoked except for cause.

At the instance of plaintiff, the court instructed the jury, "that if they believed from the evidence that the plaintiff and defendant entered into a contract whereby the plaintiff was to sell the personal property of the defendant, mentioned in this case, at a commission of 25 per cent to the plaintiff, and that the plaintiff undertook the performance of his said agreement, and was prevented from carrying it out by the defendant, then the plaintiff is entitled to recover from the defendant his said commission, not only on such goods as he sold out, but also for all for which he found a purchaser or purchasers ready, able and willing to buy. Provided, however, that the plaintiff was guilty of no violation of said contract on his part."

The case was evidently tried on the theory that the contract between plaintiff and defendant was not revocable by the defendant. The greater part of the items included in plaintiff's bill of particulars, and as shown by the evidence, were for sales made after defendant revoked the contract of agency; and for these plaintiff is endeavoring to recover commissions. In *Alexander* v. *Sherwood Company*, 72 W. Va.

195, we held that: ''An agency, uncoupled with an interest, not for a definite time, may be revoked by the principal at will, without liability for damages. Commission or reward to be earned by an agent in executing the agency does not alone make the agency one coupled with an interest.'' To the same effect, see also *Rowan & Company* v. *Hull,* 55 W. Va. 335. Was plaintiff's agency one coupled with an interest? We think not. His contract does not so specifically provide. All he was to have was his commissions. He put himself under no obligation to his principal other than to sell the goods, the subject matter of the contract. He parted with no value and incurred no liability, at the principal's request, for which he was to be reimbursed by the principal; and of course he took no interest or estate in the subject matter itself, which would give him a lien thereon. It is true that plaintiff says he expended time and money in classifying the goods and in cleaning them up, in order to put them in a better condition for the market; but there is no evidence that this was done at the request or with the consent of the principal. This was simply a part of his own expense incident to selling, and was for his own benefit. The better the prices he obtained, the greater his commissions. These acts would not affect the revocability of his power of agency. 1 Mechem on Agency, §567.

By defendant's instruction number three, refused, he asked the court to instruct the jury ''that the defendant had the right at any time to revoke any authority he may have given the plaintiff, and any sales which the plaintiff attempted to make thereafter gave the plaintiff no right to a commission.'' From what we have said above in connection with plaintiff's instruction number one, we are of opinion that this instruction should have been given.

Though the principal may have the power to revoke the contract of agency, he may not always have the right to do so. If he revokes the contract in violation of the agent's rights, he may become liable for damages accruing to the agent. *Rowan & Co.* v. *Hull, supra;* Mechem, §§566, 568. This suit is for commissions alleged to have been earned by·

plaintiff, and not for damages for defendant's alleged breach of the contract. If plaintiff was injured by the revocation of his authority, and any of his legal rights infringed, it might be that he would have had an action for damages; but he did not pursue this course; he relied on his right to sell under the contract of agency.

The judgment will be reversed, the verdict set aside and a new trial awarded defendant.

*Judgment reversed; new trial awarded.*