No. 26,447.

THE HOME STATE BANK, *Appellee,* v. MATTHEW P. DEWITT et al.,
*Appellants.*

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Consideration—Admissibility of Evidence.* Rulings sustaining objections to evidence concerning want of consideration are held not to have constituted reversible error.

2. SAME—*Consideration—Sufficiency of Evidence.* It is held that a demurrer to the evidence offered to show a want of consideration was properly sustained.

3. SAME—*Consideration—Surrender of Existing Note.* The payee's surrender of an existing note is a sufficient consideration for a new note executed by a third person, although the maker of the surrendered note was wholly without means.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion filed May 8, 1926. Affirmed.

*Samuel Griffin* and *W. E. York,* both of Medicine Lodge, for the appellants.
*Adrian S. Houck,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Home State Bank sued Matthew P. DeWitt upon two notes executed to it by him for $9,900 each, secured by mortgage, and three smaller notes given for interest thereon. He will be spoken of as the defendant, although his wife was joined with him because of her interest in the mortgaged real estate. The answer alleged that the notes were given without consideration, and were renewals of notes given without consideration. The burden of proof being upon the defendant evidence was introduced in his behalf, a demurrer to which was sustained. The appeal is from that ruling and also from the sustaining of objections to evidence offered.

1. While the defendant was on the stand he was asked whether there was any consideration of money, property or other thing of value given him for the signing of the notes, and whether there were any promises or agreement made between him and the plaintiff that if he would sign the notes no action would be brought. Each of these questions was objected to as calling for a conclusion of the witness, and the objections were sustained, the judge saying: "Let him state the circumstances under which he gave the

Appeal and Error, 4 C. J. p. 1002 n. 40. Bills and Notes, 8 C. J. pp. 212 n. 7, 219 n. 83, 222 n. 3, 992 n. 19. Witnesses, 40 Cyc. p. 2436 n. 81.

notes. How the notes were given. That is the proper way to show whether there was any consideration or not." The questions were objectionable on the ground indicated, and the defendant was later given full opportunity to narrate everything that took place in connection with the execution of the notes sued on. As will be shown later, no responsive answer to the questions could have affected the result, in view of the defendant's testimony. The witness was asked whether anything was paid him when he signed the first note. He replied in the negative, and the answer was stricken out. No prejudice could have resulted from this ruling, for it is clear from the whole record that there was no contention or suggestion that the defendant received any money when the note was given.

2. The answer alleged "that the former indebtedness evidenced in amounts as set forth in the plaintiff's petition, were the debts of one Ralph M. DeWitt [the defendant's son], owing by him personally to the plaintiff herein." The son testified that "the indebtedness to the Home State Bank was his (Ralph M. DeWitt's) individual indebtedness. . . . They [the bank people] said they had an excess loan and couldn't carry it, and asked my father if he wouldn't carry a part of it until I could get on my feet so I could pay it, and then he did so." The defendant testified on cross-examination "that his son, Ralph DeWitt, had notes there, but he did not sign them [the notes sued on] for that reason, but signed them because Mr. Skinner [the president of the bank] said he would carry those notes indefinitely until Ralph could make the money to pay them." He also said: "Well, I signed the note, but didn't get anything for it. In fifty or sixty days afterwards he (Mr. Skinner) returned some of Ralph's notes to me." To the question: "Now, as a matter of fact, you gave the two $9,900 notes to take up Ralph's—Ralph DeWitt's —losses, didn't you?" he answered: "No, I didn't take up the losses. I did that so the bank could get by and wouldn't have an excess loan." On redirect examination he was asked: "Mr. DeWitt, I believe you stated in your cross-examination that they gave you some of Ralph's old notes; do you mean they gave them to you personally for him or just personally to you?" He answered: "Well, I suppose they was for him. I don't know."

The defendant's general statements that he got nothing for the notes must yield to the specific fact admitted by him that the bank returned to him notes given by his son. It is of course immaterial whether his son's notes were given to him for his own benefit or to

be passed on to his son.   The surrender of the son's notes by the bank was a sufficient consideration to support the obligation assumed by the father, whatever final disposition was to be made of them. Consideration for a note may of course consist of a disadvantage to the payee as well as of a benefit to the maker.   It is true there was no explicit testimony that the surrender of the notes executed by the son was made in pursuance of an agreement entered into when the defendant gave the notes that replaced them, but that is the obvious inference from the evidence considered as a whole.   The presumption is that there was a valid consideration for the notes sued upon (R. S. 52-301) and it was incumbent on the defendant to produce evidence showing the contrary.   It was not enough that he should show the nonexistence of certain kinds of consideration; he was required to negative the existence of consideration in any form.

3.  In the defendant's brief it is said:

"Ralph M. DeWitt testified that 'The notes that are sued on here are notes that were made up of these losses I had.'  He also testified that, 'I wasn't able to pay them—I was broke for that matter.  I had nothing to pay with.'

"This established the fact beyond question that the debt owing by Ralph M. DeWitt to the Home State Bank for the losses sustained was an absolute worthless debt.

"If it could be said that these notes for $9,900 each were given for this worthless debt, then under the authorities there would be no consideration for the giving of these notes."

The fact that Ralph M. DeWitt was unable to pay his notes, and that he had no property from which a judgment upon them could be collected, did not prevent their surrender from constituting a sufficient consideration for the new notes.   The relinquishment of an existing obligation by the obligee is a good consideration for a contract however faint may be the prospect of realizing upon it.   The release of a note given by a man who has later died leaving no estate does not form a sufficient consideration for a new note, because it is legally worthless, not being a claim against any person or property.   (8 C. J. 222.)   A note executed by a person who is still alive cannot be said as a matter of law to be without value, although the maker is wholly without present means.

The judgment is affirmed.