No. 30,038.

CHRIST SIEVERT, *Appellant,* v. C. A. WOOD, *Appellee.*

(300 Pac. 1090.)

Opinion filed July 3, 1931.

*John R. Parsons,* of Wakeeney, for the appellant.
*David Ritchie,* of Salina, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was started in justice court for the recovery of money paid to defendant by plaintiff by mistake. Defendant filed a counterclaim for commissions which the breach by plaintiff of a contract between plaintiff and defendant's principal caused defendant to lose. Judgment was for plaintiff in justice court. Appeal was taken to the district court, where judgment was for defendant for the difference between the amount paid and the amount claimed by defendant. Trial was to the court.

The facts are best told by the findings of fact and conclusions of law. They are as follows:

"In April, 1929, plaintiff made a contract in writing with the Minneapolis Threshing Company to purchase a certain machine. The contract was approved by the company and the machine was shipped to Grainfield, Kansas, upon the terms of the contract. The plaintiff failed, neglected and refused to accept the machine or to make the payments and give the notes and security, as prescribed by the contract.

"After the machine came, and after the plaintiff had given the company's agent at Grainfield a check for $110, amount of freight on the machine, payable to C. A. Wood, the plaintiff proceeded no further, but two or three days later plaintiff bought a machine of the same company at Ness City. Some-

what later the machine which had been shipped to Grainfield to fill plaintiff's order was sold and delivered to another purchaser, Joe Walt.

"2. The check for $110, which was intended to pay freight, as required of the purchaser by the contract, was made payable to C. A. Wood, and was signed by the plaintiff without his noticing that it was not payable to the company. Plaintiff made effort to stop payment of the check, but the bank did not identify the same as described by him, and so paid the money, $110, to the defendant.

"3. The defendant at all times had an agency contract with the company to represent it in Gove county, where the contract between plaintiff and such company was made. Under the terms of the contract defendant was entitled to certain commission for the sale of machinery for the company, but was not entitled to the commission until the contract of purchase had been fully closed by the customer, the machine delivered to him, and any notes and mortgages required under the contract had been fully executed.

"4. The plaintiff, by his failure to accept the machine and pay for it, and execute and deliver the instrument and security, as required therein, breached the contract, and beyond paying $110, intended for freight, made no attempt to carry out the contract in any particular."

"CONCLUSIONS OF LAW.

"The purchase by the plaintiff of another machine from the company at Ness City, was in no way a fulfillment, wholly or partly, of the contract made by plaintiff in April, 1929.

"2. The defendant, by his acts, had earned his commission amounting to $257.50 upon the contract between plaintiff and the company, in consideration of the services that defendant performed in connection therewith under his contract of agency with the company.

"3. The company is not liable, and was not liable to defendant until plaintiff had fully performed his part of the contract, and this plaintiff had not at any time done.

"4. The defendant was damaged by plaintiff's failure, neglect and refusal to carry out the contract. The amount of defendant's damage was $257.50 under his contract with the company. The plaintiff having caused this damage and loss to defendant by plaintiff's breach of his contract with defendant's principal, the company became liable for the damage and loss so caused to the amount of $257.50. The defendant having received moneys from plaintiff to the amount of $110 was compensated to that extent upon his loss and damage.

"5. The plaintiff is indebted to defendant for the difference in the sum of $147.50, for which judgment should be entered."

Appellant contends that appellee had no right to sue him to recover a commission because the contract of purchase was between appellant and the principal of appellee, while the contract for compensation was between appellee and his principal.

Appellee, on the other hand, contends that he had such a sub-

stantial interest in the contract between the Minneapolis Threshing Machine Company and appellant as to entitle him to maintain an action upon the breach of that contract by appellant and to recover from him any actual damages which he sustained by the failure of appellant to perform.

He cites and relies on R. S. 60-401 and *Manufacturing Co. v. Burrows,* 40 Kan. 361, 19 Pac. 809, also *Gross v. Heckert,* 120 Wis. 314, 97 N. W. 952, and other cases which hold that the real party in interest may bring a suit and that where a contract is made between two parties for the benefit of a third the third party, though not a party to the contract, is the proper person to commence and to maintain any action which may be brought upon any breach of the contract.

We have reached the conclusion that this statute and the cases are not in point. It cannot be said that a contract between appellant and the threshing-machine company was made for the benefit of the appellee, the agent of the company. When appellant breached his contract to take the machine he was liable to the company in damages. The measure of damages would not have any relationship to agent's commission, however, but would be what the company lost by shipping the machine out there and not selling it. Instead of this action, however, the company saw fit to sell the machine to some one else and not bring suit against appellant. Appellee had not yet earned his commission. His contract with the company was that he would not be entitled to any commission until the contract of purchase had been fully closed by appellant, the machine delivered to him and any notes and mortgages required under the contract fully executed.

The general rule is that one who contracts as agent cannot maintain an action in his own name and right upon the contract. (Lawson on Contracts, § 192; 2 Mechem on Agency, 2d ed. § 2022; Story on Agency, 9th ed. § 391; *Tinsley v. Dowell,* 87 Tex. 23; *Everet & Wightman v. Bancroft,* 22 Ohio St. 172.) There are exceptions to this rule which may be classified as follows:

"First, where the agent contracts in his own name; second, where the agent does not disclose his principal, who is unknown; third, where by the usages of trade the agent is authorized to act as owner of the property; fourth, where the agent has an interest in the subject matter of the contract." (*Tinsley v. Dowell,* 87 Tex. 23, 28.)

It is readily seen that appellee does not come under the first, second or third of the above subdivisions. The contract in this case

was in writing between appellant and the threshing-machine company and there are no usages of the trade by which the agent is authorized to act as owner of the property. The rights of the company and the buyer are defined by the contract executed by them, and the rights of the company and the agent are defined by the contract of agency.

Hence we must look to the fourth exception noted above. Does the agent have such an interest in the subject matter of the contract as to entitle him to sue? The authorities hold that the mere interest in commissions to be earned in case the contract between his principal and the other party is performed would not of itself be sufficient, but the rule must be limited to those cases in which the agent has a lien upon or a special property in the subject matter. (2 Mechem on Agency, 2d ed., § 2035; *Tinsley v. Dowell,* supra; *Chapman v. McLawhorn,* 150 N. C. 166; *San Jacinto Rice Co. v. A. M. Lockett & Co.,* [Tex. Civ. App.] 145 S. W. 1046.)

It will not be contended by appellee in this case that he had any lien upon the proceeds of the contract between appellant and the threshing-machine company. He looked to the company and to it alone for his commission upon any sales that he should make.

In the case last cited, *San Jacinto Rice Co. v. A. M. Lockett & Co.,* the court in speaking of this question said:

"We think it well established that, where an agent seeks to bring himself within the fourth exception in order to maintain a suit in his own name against a third party to a contract, he is required to show that his agency, or the power under which he acts, is coupled with an interest in the subject matter of the contract." (p. 1047.)

The case of *Hunt v. Rousmanier,* 21 U. S. 174, 5 L. Ed. 589, is quoted and followed in that opinion. At 64 A. L. R. 380 there is a comprehensive compilation of the cases on the subject under a headnote as follows:

"In order that a power may be irrevocable because coupled with an interest it is necessary that the interest shall be in the subject matter of the power and not in the proceeds which will arise from the exercise of the power."

Among the cases annotated is *Henderson v. Lebow,* 95 W. Va. 74, 120 S. E. 300, where the court held that—

"Commission to be earned by an agent is not an interest rendering the power of agency irrevocable." (Syl. ¶ 2.)

It would follow that commissions to be earned by an agent would not be such an interest as to permit the agent to sue a third party in .

his own name for commissions lost on account of a breach of contract by a third party to the contract between the agent and his principal, although he was a party to a contract with the agent's principal. Another case annotated is *Butterfield v. Fuel Co.*, 42 Utah 499, 132 Pac. 559, which held that an agency created for the purpose of selling property upon a commission to be paid in case of sale is not coupled with an interest, so that it may be terminated at any time. What happened in the case at bar was that when the appellant breached his contract with the company it did not stand on its rights and sue for damages, but made an adjustment of the matter by selling him another machine in an adjoining county. What did appellant agree to do? He agreed to buy a threshing machine from this company. Is the company complaining? Not at all. They have sold him another machine. The party with whom appellant made his contract is satisfied.

In *Chase v. Chapman*, 89 Kan. 196, 131 Pac. 615, this court held:

"To constitute a power coupled with an interest there must be an interest in the thing itself, and not merely in the execution of the power. An agency or privilege to sell real property and receive all the proceeds above a certain sum as commission is not a power coupled with an interest; nor does an agreement on the part of a managing agent to be responsible to the principal for all general losses in the conduct of a business result in making him an agent with such an interest."

Following the reasoning of that case and the cases cited therein, we have concluded that appellee did not have such an interest in the contract between appellant and the threshing-machine company as to enable him to maintain an action against appellant on that contract for the commissions which he would have received had appellant completed it.

What has been said disposes of that portion of the judgment of the court below which had to do with the claim of the agent for his commission from the appellant. The judgment also allowed the $110 which was paid the agent by mistake to be deducted from the amount that appellee would have realized in the way of commission had the deal been finally consummated. This money was paid to appellee by mistake. He thought the check was made out to the threshing-machine company when as a matter of fact it was made out to appellee. This was a breach of trust on the part of the agent toward his principal. The party to whom appellant should have looked for the recovery of his $110 was the threshing-machine company and not the agent.

However, there was no cross appeal taken from the part of the judgment which held appellant entitled to the $110 and it cannot now be disturbed.

The judgment of the district court is reversed with directions to enter judgment for appellant for the amount sued for.