No. 30,219.

ROBERT CAMPBELL, *Appellee,* v. C. H. WILCOXEN, *Appellant.*

(7 P. 2d 46.)

Opinion filed January 30, 1932.

*Walter L. Bullock*, of Dodge City, for the appellant; *Howard Rooney*, of Dodge City, of counsel.

*W. C. Gould*, of Dodge City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action upon a check given plaintiff by defendant for $400 on which payment had been stopped. The defense was want of consideration. The claim of the plaintiff was that it had been given to him by the defendant for his services as a real-estate agent in effecting an exchange of property belonging to the defendant for the Melencamp farm, which the plaintiff had listed on his books for sale at a net price to the owner. The theory of the defendant is that the facts show a dual agency on the part of the plaintiff and therefore he cannot recover a commission without affirmatively showing that both landowners were fully apprised of the situation. The case was tried to the court without a jury and judgment was rendered for the plaintiff and against the defendant, from which judgment this appeal is taken by the defendant.

The assignments of error are the overruling of the demurrer of defendant to the evidence of the plaintiff, and the overruling of the motion for a new trial.

The demurrer to the evidence of the plaintiff was properly overruled for the reason that a consideration is, under the negotiable-instrument act, presumed (R. S. 52-301) and all that was necessary for the plaintiff to establish for a *prima facie* case was that he was the holder of the check in due course and that it had not been paid, and to explain the indorsement thereon of the words "payment stopped." This the plaintiff unquestionably did by his own testimony and by that of the banker, Zimmerman, the escrow holder of the check, when the two words were written thereon. It was not necessary for the plaintiff to show a consideration. "The absence or failure of consideration is matter of defense." (R. S. 52-305.)

There was evidence introduced by the plaintiff which showed the relation he bore to the two landowners, the defendant and Melencamp, and it was material and competent under the state of the pleadings.

The petition contained a second count for recovery of $400, the

same amount as that of the check, as a commission to plaintiff by virtue of an oral agreement with the defendant for effecting an exchange of property with Melencamp, but at the close of the testimony the plaintiff was required, upon motion of the defendant, to elect upon which count he would rely for recovery, and he elected to rely upon the first count. This evidence of the plaintiff as to the second count was not essential as to his right to recover upon the first count, but when it had been properly introduced in support of the second count, it could be considered as to the first count if it tended to defeat the right of the plaintiff to recover on that count, as is claimed by the defendant, because of showing a dual agency without an affirmative showing that each of the two landowners was fully apprised of the situation as to the agent's relation with the other. If the plaintiff's evidence showed such a dual agency, the demurrer should have been sustained under the numerous authorities cited by the appellant, among which are the following: *Jeffries v. Robbins,* 66 Kan. 427, 71 Pac. 852; *Madden v. Provident Institution,* 77 Kan. 415, 94 Pac. 793; *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78; *Rinebarger v. Weesner,* 91 Kan. 303, 137 Pac. 969; *Crawford v. Investment Co.,* 91 Kan. 748, 139 Pac. 481; and *Hoffhines v. Thorson,* 92 Kan. 605, 141 Pac. 253. But the evidence of the plaintiff shows a complete severance of agency for Melencamp and waiver of commission or compensation from him in order to become the agent of the defendant by letting defendant have the Melencamp property at the net price at which it was listed. Under such circumstances he could not have recovered any commission from Melencamp. (*Karr v. Moffett,* 105 Kan. 692, 185 Pac. 890.) Plaintiff's evidence shows he had offered defendant the Melencamp half section for $50 per acre, but that he had a net price on it for $45 per acre. The plaintiff testified that the following was the proposition made to him by the defendant:

"He said if you can make a deal for me, I will pay you $400 for making the deal or making the trade of a certain piece of land. He said he would take the Melencamp land at $45 an acre, and pay me $400 for making the deal, if I could arrange for Melencamp to take his 400 acres of land in Hamilton county at $4,800."

Now 320 acres at $45 per acre makes a total of $14,400, and $4,800 deducted therefrom for the Hamilton county land leaves a balance of $9,600, the exact amount named in the contract signed by both landowners and introduced in evidence by the plaintiff.

These figures are confused with those given in the evidence of the defendant where the price of the Hamilton county land is given as $4,400, but we are, for the purposes of the demurrer, considering only the evidence introduced by the plaintiff, and it shows plainly, if true, that the defendant was getting the Melencamp half section at the net price of $45 per acre, and the plaintiff was waiving his possible $5 per acre commission and every part of it from Melencamp, and defendant was getting $4,800 for his Hamilton county land and paying the balance of $9,600 to Melencamp. The contract signed by Melencamp with balance of $9,600 stated therein, plainly corroborated the statement above quoted as making the deal on the basis of the net price for the Melencamp land. We think there was ample evidence to justify the trial court in overruling the demurrer.

The evidence of the defendant was conflicting with parts of the plaintiff's evidence. Defendant positively denied making any promise to pay plaintiff $400 or any other sum for effecting the exchange, and stated the difference to be paid by him to Melencamp was $10,000 instead of $9,600, and when he wrote the checks to be put up in escrow he wrote the one for $400 for plaintiff thinking that amount might be due plaintiff from Melencamp as commission, and that it and the $9,600 together made the $10,000 he owed Melencamp as the difference between the value of the two tracts, $14,400 for one, and $4,400 for the other.

The trial court evidently failed to harmonize these radically different statements and gave credence to the evidence of the plaintiff.

Appellant refers to certain undisputed testimony, especially that Melencamp claimed the extra $400 represented by this check, but the trial court did not have the benefit of Melencamp's testimony, and a statement of his claim, although undisputed in the evidence, could not determine the issues here involved. If he had claimed to have owed the plaintiff that amount or any other amount as commission, such undisputed evidence would have seriously affected the issues as tending strongly to show a dual agency. The defendant's evidence was very positive in that direction, as argued by appellant, but the conflict was decided by the trial court in favor of the plaintiff, and with sufficient evidence to support such finding, it must stand.

Attention is directed to the fact that nowhere in the evidence of the

plaintiff is it shown that plaintiff revealed to Melencamp that he was to get $400 from defendant for effecting the exchange. This is only necessary when the agent is representing both parties. By his evidence he had abandoned and relinquished his agency for Melencamp when he dropped to the net price. In making the contract with Melencamp for the exchange of properties he represented the defendant.

It is further urged by appellant that the contract as originally made and deposited in escrow with the two checks was not carried out until it was substantially changed. An agent's commission is usually earned when he is the procuring cause of the sale and brings the buyer and seller together, whereby a bargain is effected, although not upon the terms originally given to the agent. (*Karr v. Moffett,* 105 Kan. 692, 185 Pac. 890; *Edwards v. Dana,* 104 Kan. 266, 178 Pac. 407; *Collopy v. Field,* 127 Kan. 68, 272 Pac. 99; and *Sandefur v. Hines,* 69 Kan. 168, 76 Pac. 444.)

Appellant cites R. S. 52-901 to show that the check was discharged when the words "payment stopped" were written across its face. That section provides—

"A negotiable instrument is discharged: . . . (3) by the intentional cancellation thereof by the holder."

The evidence does not show that the words were written by the escrow holder but, even if they were, he is not such a holder as is contemplated by the statute quoted. A holder of a bill or note, as the term is used in our law of negotiable instruments, "means the payee or indorsee of a bill or note who is in possession of it, or the bearer thereof." (R. S. 52-102. See, also, 2 Words and Phrases [2d Ser.] 891.)

"The holder of a bill of exchange is the person who is legally in the possession of it, either by indorsement or delivery, or both, and entitled to receive payment either from the drawee or acceptor, and is considered as an assignee." (2 Bouvier's Law Dict., 1444.)

We find no error in overruling the motion for a new trial.

The judgment is affirmed.