No. 39,294

Bankers Life Insurance Company of Nebraska, *Appellant,* v. Harold J. Litsey, also known as H. J. Litsey, *Appellee.*

(268 P. 2d 934)

*Waldo B. Wetmore,* of Wichita, argued the cause and *Z. Wetmore,* of Wichita, was with him on the briefs for the appellant.

*Lester C. Arvin,* of Wichita, argued the cause and *Kay K. Arvin,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on thirty-four promissory notes. The appeal is from an order overruling plaintiff's demurrer to defendant's answer.

The petition alleged the execution and delivery by defendant of two promissory notes on or about December 15, 1947, in the sum of $75 each, whereby he agreed to pay plaintiff on demand that sum, with interest at three percent per annum, payable monthly, until paid; that thereafter plaintiff received credits on October 30, 1941, in the amount of $53.93 and $55.91 to apply on such obligations respectively. Copies of these two notes were attached. The petition further alleged that thereafter defendant executed thirty identical notes, two each month, the last two on August 31, 1948; that plaintiff was the owner and holder of these notes and there was due and owing it the sum of $2,630.96, for which amount judgment was prayed. Two of these notes were attached with the endorsement on the back. They were in form as follows:

EXHIBIT "1"

| $75.00 | Dated: | Dec. 15, 1947 |
|---|---|---|

On demand, I promise to pay to the order of

BANKERS LIFE INSURANCE COMPANY OF NEBRASKA

The sum of Seventy-five & no/100.............................. .Dollars, payable at Lincoln, Nebraska, for value received, with interest at the rate of 3% per annum, payable monthly, from date until paid.

Signed: HAROLD J. LITSEY
Address: 209 Hoke Bldg.
Hutchinson, Kansas

Form 123

REVERSE SIDE OF NOTE

| $44.74 | cr. | 10/30/51 |
|---|---|---|
| 11.19 | cr. | 10/30/51 |

To this petition the defendant leveled a motion to order the plaintiff to make the petition more definite and certain by setting out the credits allowed the defendant and if they were taken from a ledger belonging to defendant to incorporate them in the petition. This motion was overruled.

In his answer the defendant admitted the giving of the notes but denied that they were demand notes, and alleged they were notes payable out of funds which were owed defendant by the plaintiff, or which might become due him and the defendant because of an agency contract between himself and plaintiff. Copies of these contracts were attached to the answer. The answer further alleged if the notes were payable on demand, the plaintiff was estopped by reason of its action in accepting payment under the agency contract.

The two agency contracts were in the form of letters addressed to. defendant by plaintiff. Exhibit "A" was under the date of June 2, 1947. In it the plaintiff advised defendant that in order to assist him to become established as an agent of the company it was proposed to continue to loan him $150 a month at semi-monthly intervals, commencing June 1, and continuing for a three-months period and longer, if his progress warranted. It recited defendant agreed to accept a paid production objective of $60,000 from June 1 to August 31, then followed some provisions as to how this production should be calculated. The letter then contained paragraphs as follows:

"You are to execute promissory notes covering the amount of each check forwarded to you indicating your acknowledgment of the indebtedness so created and returning said notes to your General Agent.

"It is agreed that if you succeed in establishing $60,000 of new paid business during the period mentioned above, the Notes you have executed will be returned to you marked PAID.

"The Company will return all earnings accruing to you on business produced during the period mentioned above and preceding financing periods until the aggregate amount of all moneys loaned to you has been offset by accruing earnings. All earnings in excess of the aggregate amount of such loans will be paid to you. You will remit all premiums in gross.

"It is also agreed that any unpaid balance of notes held by the Company, as the result of loans made to you during the previous financing period or periods, may be liquidated by applying the excess paid production in the current accounting period from June 1st to August 31st and also any subsequent accounting period at the rate of $15.00 per thousand of principal sum and $4.50 per thousand for the Family Income additional benefit.

"Further, it is understood and agreed that the continuation of this financial assistance is dependant upon satisfactory performance and co-operation on your part, and the right is reserved to terminate the advances before the period expires, if the Company determines it is in your or its best interest to do so."

Exhibit "B" bore the date of August 19, 1948. It was to about the same effect.

In July, 1952, plaintiff filed a motion for judgment on the pleadings. This motion was denied. The plaintiff then filed a motion requesting the trial court to fix a time and place for a pre-trial conference for the purpose of simplification of the issues, the necessity of amendments to the pleadings and the possibility of obtaining admissions of fact and of documents which would avoid unnecessary proof.

At this conference the plaintiff produced the notes. It was stipulated that notes offered by plaintiff with all the credits thereon endorsed thereon, as admitted by the answer to have been executed by the defendant, were received as evidence.

Subsequently the defendant filed an amended answer, substantially as the original answer, with the addition of a paragraph wherein defendant alleged that at the time of the execution of the notes plaintiff and defendant orally agreed that if the relationship did terminate, the defendant would not be liable on the notes, it being understood that any moneys which plaintiff might receive in satisfaction of the notes were to come solely from commissions the defendant might earn while working as an agent for plaintiff.

Plaintiff filed a motion to strike from this amended answer the allegation the notes were not demand notes, and the new matter setting up the oral contract. This motion was overruled. Thereupon the plaintiff demurred to the answer on the ground that it did not state facts sufficient to constitute a defense to plaintiff's petition. This demurrer was overruled—hence this appeal.

The notice of appeal was filed on August 18, 1953, from the order overruling plaintiff's demurrer to defendant's answer on August 10, 1953, from the order of June 27, 1953, overruling plaintiff's motion to strike matter from defendant's answer, from the order of August 19, 1952, overruling plaintiff's motion for judgment on the pleadings and from all adverse rulings against plaintiff.

The specifications of error were along the line of the notice of appeal.

The plaintiff argues the answer pleads conclusions that should have been stricken. We are unable to follow the argument of plain-

tiff in this respect. It is true the trial court overruled the motion of plaintiff to strike certain conclusions. This same legal question was again raised by plaintiff's motion for judgment on the pleadings and its demurrer to the answer.

The burden of plaintiff's argument is that the defendant could not plead contracts entered into contemporaneously with the notes between the same parties. This is not the law. This action was between the original parties to the notes. G. S. 1949, 52-216, provides in part:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. . . ."

(See *Greenleaf State Bank v. Monteith*, 173 Kan. 799, 252 P. 2d 621, and cases there cited and discussed.)

The defendant in his answer alleged the notes were not due and payable when the action was brought and to substantiate that allegation attached the two contracts between the same parties in which reference was made to the notes. There was no motion to make this answer more definite and certain. Hence it must be liberally construed in favor of the pleader. These contracts were subject to a construction that at least renders it uncertain as to how much the indebtedness of defendant was on these notes. What issue, if any, the plaintiff could raise by means of a reply or what the evidence will disclose as to the entire course of dealing between the parties is not for us to pass on now. Under the authorities already quoted, it was proper for the defendant to plead where the action is between the original parties to the notes the oral contract that the defendant would not be liable on the notes if the business relationship between the parties should terminate. (See above authorities.)

The judgment of the trial court is affirmed.