No. 43,324

THOMAS M. HOWELL, Trustee for ANN ALLEN DAWSON and ROBERT JAMES ALLEN, *Appellee*, v. HARRY A. WILSON, MARY LUCILLE WILSON and SHAWNEE MISSION INVESTMENT COMPANY, a Corporation, *Appellants.*

(387 P. 2d 193)

Opinion filed December 7, 1963.

*Peter A. Martin,* of Olathe, was on the briefs for the appellants.

*Barton P. Cohen,* of Kansas City, argued the cause, and *Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins, Norma Braly, Jacob F. May,* and *Frederick K. Cross,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by defendants from the trial court's order of July 20, 1962, overruling their demurrers to plaintiff's petition, and from that court's later order dated July 30, 1962, overruling defendants' motion to strike.

Pertinent portions of the petition alleged that on October 20, 1961, defendants executed a promissory note to plaintiff, as trustee

for Robert James Allen, in the amount of $5,133.34 payable at the Traders National Bank, Kansas City, Missouri, and on the same day defendants executed another promissory note in the amount of $2,566.66 to plaintiff as trustee for Ann Allen Dawson.

The two notes were secured by a deed of trust which had been executed on October 20, 1960, and upon default in payment on the notes, the property described therein was sold and the proceeds applied thereto, leaving a balance due of $5,389.67 which with accumulated interest at the time the action was filed totaled $5,532.50, the amount sought herein.

Defendants demurred on the grounds that plaintiff had no legal capacity to sue, that two causes of action were improperly joined because they did not affect all parties, and the facts stated were not sufficient to constitute a cause of action. As previously stated, the demurrers were overruled on July 20, 1962.

Defendants later moved to strike from the petition the claim made as trustee for Robert James Allen, or in the alternative, the claim made as trustee for Ann Allen Dawson because these were separate claims made by separate plaintiffs and separate lawsuits should be brought. On July 30, 1962, the motion to strike was overruled and on August 8, 1962, defendants perfected this appeal based on the questions as to whether it is misjoinder of actions for a trustee of two notes made payable to him in seperate capacities to bring one suit on both notes; whether it is misjoinder of parties for a trustee of two notes made payable to him in separate capacities to bring one suit on both notes; and finally, whether the petition states facts sufficient to constitute two causes of action against the defendants.

Turning first to the question as to the proper parties, pleadings, and procedure necessary to bring an action involving more than one promissory note between the same parties, in *Bankers Life Ins. Co. v. Litsey*, 176 Kan. 79, 268 P. 2d 934, an action was brought on a total of thirty-four promissory notes between the original parties. In holding that plaintiff's demurrer to defendant's answer was correctly overruled, it was stated:

"In an action on thirty-four demand promissory notes between the original parties, it was proper for the defendant to plead in his answer two written contemporaneous contracts between the same parties in which reference was made to the notes and the manner in which the notes should be paid." (Syl. ¶ 1.)

Defendants have called our attention to a number of previous cases written by this court but examination thereof shows the facts constituting the causes of action therein were entirely different from the facts alleged in this petition. Most of them were based on tort liability and not contract liability such as we have here. Others were not predicated on a fiduciary relationship of trustee and *cestui que* trust. Here plaintiff is trustee of an express trust and as such he holds the legal title while the two parties who are beneficiaries have an equitable interest therein. The appropriate and established rule is to be found in *Howell v. Flora*, 155 Kan. 640, 127 P. 2d 721, as follows:

"It is the legal title to negotiable paper and not the beneficial interest therein which controls as to the proper parties plaintiff in suits for the collection thereof." (Syl. ¶ 3.)

Further, G. S. 1949, 60-403 provides that a trustee of an express trust may bring an action without joining with him the persons for whose benefit the action is prosecuted and we, therefore, conclude that plaintiff, as trustee holding the legal title, has a cause of action in his own name against the defendants, makers of the notes in question, and he is a proper party plaintiff. See, also, G. S. 1949, 52-102; 52-501.

The question as to whether the beneficiaries would be proper parties to bring such an action is not presented and we are not here determining that issue.

The Howell case further held:

"Motions to strike and to make definite and certain rest in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie. Unless it appears the ruling affects a substantial right and in effect determines the action, it is not appealable." (Syl. ¶ 4.)

In view of the foregoing we are of the opinion the Howell case answers all questions raised by defendants in this appeal and, therefore, the trial court did not err in any of the particulars complained of and relied on by defendants.

Judgment affirmed.