No. 43,408

G. N. GLENN d/b/a THE GLENN AGENCY, *Appellant*, v. WILLIAM LUKENBILL, *Appellee*.

(389 P. 2d 792)

*Jacob A. Dickinson,* of Topeka, argued the cause, and *Sam A. Crow; Ralph E. Skoog; Bill G. Honeyman,* and *Hart Workman,* all of Topeka, were with him on the briefs for the appellant.

*Hal C. Davis,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment sustaining a demurrer to the plaintiff's amended petition.

The facts, which must be gleaned from the pleadings, can be briefly stated.

Plaintiff is a licensed real estate broker doing business under the name of The Glenn Agency. Defendant gave plaintiff a check in the amount of One Thousand Dollars as down payment on a real estate purchase. Plaintiff endorsed the check and presented it for payment. The bank on which it was drawn refused payment because of insufficient funds. Defendant defaulted on the real estate purchase agreement and plaintiff brought this action to recover on the check.

The petition contained the necessary formal allegations, attached a copy of the check, which was made a part thereof, and prayed for judgment. The check reads:

"No._____
44-16
1011
Topeka, Kansas, 11/3rd, 1961

Pay to the
Order of_____Glenn Agency Realtors_____$1,000.00
_____One Thousand and No/100_____Dollars

THE MERCHANTS NATIONAL BANK
Topeka, Kansas

Down payment on Hitz & Harris
13-Acres

Wm. Lukenbill
Fleet Service Inc."

Instead of answering defendant filed a motion to make the petition more definite and certain in the following respects:

"1. By requiring plaintiff to set forth the consideration wherein plaintiff claims to be the owner and holder of said alleged $1,000.00 check.

"2. By requiring plaintiff to set forth the facts and circumstances surrounding the alleged execution of said $1,000.00 check by this defendant to plaintiff.

"3. By requiring plaintiff to set forth whether plaintiff is the owner and holder of said alleged check, for a valuable consideration, or whether or not plaintiff was acting solely as an escrow agent for other parties in the execution of said alleged check to this plaintiff."

Following a hearing the district court sustained defendant's motion in its entirety. Thereupon plaintiff filed a rather extensive amended petition in compliance with the order. Defendant then filed a demurrer to the amended petition alleging:

"1. That the plaintiff has no legal capacity to sue.

"2. That the petition does not state facts sufficient to constitute a cause of action.

"3. That plaintiff is not the proper party to bring this action."

The district court sustained the foregoing demurrer on all three grounds therein set forth. Plaintiff then perfected the instant appeal and brings the case to this court under two specification of error.

Appellant's first claim of error is that:

"The Court erred in sustaining defendant's [appellee's] Motion to Make More Definite and Certain as to consideration of the check, circumstances surrounding execution of the check and by requiring appellant to state whether he is the owner and holder of the check for a valuable consideration and whether or not plaintiff [appellant] was acting solely as an escrow agent for other parties."

It appears that appellee by his motion to make definite and certain was seeking to require appellant to plead appellee's defense, hence the motion should not have been sustained. However, due to the conclusion which we presently reach, the appellant's rights have not been undully prejudiced and it is neither necessary nor required that we labor the point.

Appellant's second and final claim of error is that:

"The Court erred in sustaining appellee's Demurrer on the ground of no legal capacity to sue, failure to state a cause of action and that appellant was not a proper party to bring the action."

Resort to the Negotiable Instruments Law, as well as our decisions, compels a conclusion that appellant's final claim of error has merit and must be sustained.

A check is a bill of exchange and the provisions of the above mentioned law applicable to a bill of exchange, payable on demand, apply to checks (G. S. 1949, 52-1702).

For applicable decisions see *Kansas Bankers Surety Co. v. Ford County State Bank*, 184 Kan. 529, 338 P. 2d 309; *Chamberlain Co. v. Bank*, 98 Kan. 611, 160 Pac. 1138.

G. S. 1949, 52-301, in part, reads: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, . . ."

See *Home State Bank v. DeWitt*, 121 Kan. 29, 245 Pac. 1036, where it is said:

. . . The presumption is that there was a valid consideration for the notes sued upon (R. S. 52-301 [now G. S. 1949, 52-301]) and it was incumbent on the defendant to produce evidence showing the contrary. . . ." (p. 31.)

A party suing on a check need not allege the consideration for the instrument. If lack of consideration is available as a defense it must be established by defendant (G. S. 1949, 52-305).

See *Balph v. Broadhurst*, 121 Kan. 82, 245 Pac. 745, which holds:

"In an action upon a check by the payee against the maker, the defense was failure, or partial failure, of consideration. *Held*, the burden is on defendant to establish such defense." (Syl. ¶ 1.)

And see *Campbell v. Wilcoxen*, 134 Kan. 500, 7 P. 2d 46, where it is held:

"In an action upon a check or other negotiable instrument where the defense is want of consideration, it is not necessary for the plaintiff to introduce evidence showing a valid consideration therefor to avoid the sustaining of a demurrer to his evidence, for the reason that under the negotiable-instruments act (R. S. 52-301 [now G. S. 1949, 52-301]) a consideration is presumed and the absence or failure of consideration is matter of defense (R. S. 52-305 [now G. S. 1949, 52-305])." (Syl. ¶ 1.)

The holder of a negotiable instrument may sue thereon in his own name (G. S. 1949, 52-501) and the maker admits existence of the payee and his capacity to endorse the instrument (G. S. 1949, 52-602).

The payee or endorsee in possession of a negotiable instrument holds the legal title thereto, and it is the legal title to the paper, not the beneficial interest therein, that controls as to proper parties plaintiff in a suit for the collection thereof. See e. g., *Howell v. Flora*, 155 Kan. 640, 127 P. 2d 721.

For other decisions dealing with the subject see *Howell, Trustee*

*v. Wilson,* 192 Kan. 223, 387, P. 2d 193; *Greene v. McAuley,* 70 Kan. 601, 79 Pac. 133; and *Manley v. Park,* 68 Kan. 400, 75 Pac. 557.

The appellee relies on *Sievert v. Wood,* 133 Kan. 540, 300 Pac. 1090, in support of its contention that the appellant was an agent for the seller of the real estate in question and could not sue on the check. In the *Sievert* case, the agent was attempting to sue on a contract for the sale of a threshing machine. The contract was not a negotiable instrument and the case has no application to this controversy.

In view of what has been heretofore stated and held we have no difficulty in concluding the trial court erred in sustaining the demurrer to appellant's amended petition. Therefore its judgment must be reversed with instructions to overrule such demurrer—and it is so ordered.

FONTRON, J., not participating.